STATE, DEFENDANT IN ERROR, v. PHILIP MOWSER,
PLAINTIFF IN ERROR.

Argued April 10, 1918—Decided May 9, 1918.

1. It is error, on the trial of a criminal case, to permit evidence
   of a confession to be introduced, where the confession was se-
   cured from the defendant by officers of the law and it is ad-
   mitted by the officers that the prisoner was told by them that
   it would be better to make a clean breast of the matter, as such
   words, spoken by an officer of the law to a prisoner in the pres-
   ence of at least one other officer, cannot fail to hold out hope
   of advantage to the prisoner and tend to lead him to change his
   statement to meet what he may suppose to be the wish of the
   officer.

2. Defendant, on the trial of an indictment for murder, pleaded
   *autrefois convict* and produced in evidence a former conviction
   of robbery. Since the conviction of robbery established the vio-
   lent assault upon the deceased, and the plea of *autrefois con-
   vict* was an admission that the facts, except that of death, were
   the same in both cases, the erroneous admission, by the court,
   of testimony of a confession was harmless inasmuch as the con-
   fession added nothing in the way of evidence to the defendant's
   solemn admission by his first plea.

On error to the Morris Oyer and Terminer.

After the decision on the demurrer to the plea of *autrefois
convict* (*ante* p. 90) the record was remitted to the
Morris Oyer and judgment there entered that the defendant
answer further to the indictment. Thereupon he was allowed
to file a new plea of *autrefois convict,* averring the same
facts as in his former plea. To this the state replied that the
offence on which he stood convicted upon his plea of guilty,
and the offence charged in this present indictment, are not
one and the same offence, but are divers and different acts,
crimes and offences, and concluded to the country. The jury
found that the offence in the former indictment of which
Mowser was convicted on his plea of guilty and the offence
now charged against him were not one and the same offence,
but divers and different acts, crimes and offences. Mowser

refused to plead further, and the court ordered a plea of not guilty entered. On the trial of this issue he was convicted of murder in the first degree, with a recommendation to life imprisonment. A writ of error was issued out of this court as a writ of right. No question was made by counsel as to the propriety of this course; it was assumed that the case is not one punishable with death since the jury recommended, as the statute permits, life imprisonment.

Before Justices SWAYZE, BERGEN and BLACK.

For the state, *John M. Mills.*

For the plaintiff in error, *Charles A. Rathbun.*

The opinion of the court was delivered by

SWAYZE, J. 1. As to the plea of *autrefois convict,* we need add nothing to the opinion we expressed when the case was before us on the demurrer. Whether it was necessary to allow the defendant to file a new plea to the same effect is a question of no moment. The permission to file a new plea was in favor of the plaintiff in error. The verdict thereon has settled as a fact what the demurrer admitted for purpose of passing on the legal sufficiency of the plea. We find in this respect no error.

2. We think the defendant might properly be convicted as principal. He pointed out the deceased to Herbert who is said to have struck the fatal blow, and to McCracken who rifled the man's pockets; he was present when the pocketbook was opened by McCracken in Herbert's room immediately after the robbery. The jury might well have believed that he was near enough to render assistance when the blow was struck and prepared to do so. This made him principal in the second degree. *Roesel* v. *State,* 62 *N. J. L.* 216, 222. The law was carefully stated by the learned trial judge. We find no error in this respect.

3. The only question that has caused us any difficulty is the question of the admissibility of the confession. It was

secured by the county detective while the prisoner was in jail. The sheriff, the chief of police of Dover and the prosecutor of the pleas were present part of the time while the detective was trying to secure the confession. The detective himself testifies, and he is corroborated by the chief of police, that he told the prisoner it would be better to make a clear breast of the matter. We cannot conceive how it would be better to make a clear breast of the matter unless some advantage was to accrue to the prisoner. Such words spoken by an officer of the law to a prisoner in the presence of at least one other officer of the law cannot fail to hold out hope of advantage to the prisoner and tend to lead him to change his statement to meet what he may suppose to be the wish of the officer. That happened in this case. No better illustration can be found of the wisdom of the law in excluding confessions made under such circumstances. We need refer for authority only to *State* v. *Roesel,* 62 *N. J. L.* 216; *Bram* v. *United States,* 168 *U. S.* 532. Numerous illustrations and citations are to be found in the latter case. It was error to admit the confession.

The only question left is whether the error was harmful. Ordinarily, it would be. But this case is not an ordinary one. The defendant had pleaded guilty to an indictment for robbery. When called upon to plead to the present indictment for murder, he pleaded *autrefois convict,* averring that the offence charged in the indictment for robbery was the same as that charged in the present indictment for murder. The record of the conviction of robbery was offered and admitted in evidence without objection on the part of the defendant, and he himself on the trial of the issue raised by the court's entry of the plea of not guilty, was careful to insist that his plea of *autrefois convict* should be in evidence. His contention throughout the proceedings was that the facts were the same in both cases, and that for this very reason, he must be exculpated from the more serious charge. The conviction of robbery established the violent assault upon the deceased; the plea of *autrefois convict* was an admission that the facts were the same in the present case; from these estab-

lished and admitted facts the jury could not avoid a verdict of guilty. The case is not altered by the verdict of the jury on the trial of the issue joined on the plea of *autrefois convict*. That verdict only established as the legal result of the facts averred and proved that although the facts, except that of death, were the same in the two cases, the offences charged were different. The confession added nothing in the way of evidence to the defendant's solemn admission by his first plea. He chose, wisely, no doubt, to rely on the former conviction as a bar to a conviction on the present indictment. To maintain that position he necessarily pleaded that the facts were the same. The confession could prove no more. Let the judgment be affirmed.