## CAMBRON v. STATE OF INDIANA.

[No. 23,981.   Filed January 5, 1922.]

1. CRIMINAL LAW.—*Appeal.—Harmless Error.—Sustaining Demurrer to Plea of Former Adjudication.—Statutes.*—In a criminal prosecution, where the court overruled a motion to quash the affidavit, but, after a jury was impaneled and sworn, set aside its former ruling, and sustained the motion, and discharged the jury, after which an amended affidavit was filed upon which defendant was tried, defendant cannot complain on appeal of the court's action, before quashing the original affidavit, in sustaining a demurrer to his plea of former adjudication; the original affidavit, together with the plea and the demurrer thereto, no longer constituting any part of the record on appeal, in view of §691 Burns 1914, §650 R. S. 1881 and §§2228, 2231 Burns 1914, Acts 1905 p. 584.   p. 433.

2. INDICTMENT AND INFORMATION.—*Motion to Quash.—Reversal of Erroneous Ruling.—Power of Court.*—Where the court overruled a motion to quash an affidavit, and defendant then filed a plea of -former adjudication, to which a demurrer was sustained, but defendant did not withdraw his motion to quash, it was not error for the court to set aside its former ruling and sustain the motion, the jury, which had been impaneled and sworn, being discharged, after which defendant was tried on an amended affidavit; the court having the power to set aside its ruling and sustain the motion at any time before final judgment.   p. 433.

3. CRIMINAL LAW.—*Burglary.—Plea of Former Jeopardy.—Sufficiency.—Conviction of Larceny.*—A conviction or acquittal of larceny will not bar a subsequent prosecution for burglary committed as a means of taking the goods stolen, unless the indictment for larceny also charged the offense of burglary.   p. 433.

4. CRIMINAL LAW. — *Appeal. — Questions Reviewable. — Ruling Sustaining Motion to Quash.—Estoppel to Challenge.*—In a prosecution for criminal conspiracy, where the court overruled defendant's motion to quash the affidavit, but, after the jury

had been impaneled and sworn, set aside its former ruling and sustained the motion and discharged the jury, and defendant was subsequently prosecuted on an amended affidavit and convicted, he could not on appeal challenge the ruling sustaining the motion to quash, since the filing of a motion will estop a party to attack a ruling sustaining such motion. pp. 434, 435.

5. APPEAL.—*Review.*—*Invited Error.*—A party cannot successfully complain on appeal of an error which he procured the trial court to commit. p. 434.

6. CRIMINAL LAW.—*Appeal.*—*Harmless Error.*—*Sustaining Demurrer to Plea of Former Jeopardy.*—In a prosecution for criminal conspiracy in which defendant pleaded not guilty, error, if any, in sustaining a demurrer to defendant's special plea of former jeopardy, was harmless, in the absence of any showing that he was denied any advantage to which he would have been entitled under his special plea, since under §2069 Burns 1914, §1763 R. S. 1881, defendant had the right to prove any matter of defense except insanity. p. 435.

From Delaware Circuit Court; *William A. Thompson,* Judge.

Prosecution by the State of Indiana against William Cambron. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Gene Williams* and *Rollin W. Lennington,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

EWBANK, C. J.—An affidavit was filed which purported to charge that the appellant feloniously, in the night time, broke and entered the warehouse of K. with intent feloniously to steal the goods of said K. It did not comply with all the rules of good pleading and appellant filed a motion to quash it, which motion was overruled, and appellant excepted. A plea of former adjudication was then filed by appellant, to which the court sustained a demurrer, and after the arraignment of appellant and his plea of "not guilty" a jury was impaneled and sworn to try the cause. The court then set

aside its former ruling on the motion to quash, and entered an order sustaining that motion and quashing the affidavit, and thereupon discharged the jury, to all of which the appellant excepted.

The first assignment of error challenges the ruling on the demurrer to appellant's plea addressed to said original affidavit. But since the motion to quash

1. that affidavit was sustained, and an amended affidavit was filed, on which appellant was placed on trial, such original affidavit, together with the plea addressed thereto and the demurrer to such plea, no longer constitute any part of the record on appeal. §691 Burns 1914, §650 R. S. 1881; §§2228, 2231 Burns 1914, Acts 1905 p. 584; *Kempton Lodge* v. *Mozingo* (1913), 180 Ind. 566, 568, 103 N. E. 411; Ewbank's Manual (2d ed.) §116b.

Neither could appellant reserve an available exception to an order sustaining a motion made by himself which he had not withdrawn nor attempted to with-

2. draw. And if the court, after overruling his motion addressed to the pleadings, became convinced that it had committed an error, it had power to set aside the ruling at any time before final judgment and sustain the motion, such motion not having been withdrawn. *Hartlep* v. *Cole* (1885), 101 Ind. 458, 460; *First National Bank* v. *Williams* (1891), 126 Ind. 423, 425, 26 N. E. 75.

In any case the plea that appellant previously had been prosecuted and convicted on a charge of larceny, for taking from the warehouse which this affi-

3. davit charged him with breaking and entering, the same goods named in this affidavit as the goods which he intended to steal when committing the alleged burglary, did not state a cause of defense. Unless an indictment for larceny also charges the offense

of burglary, a conviction or acquittal of larceny will not bar a subsequent prosecution for burglary committed as a means of taking the goods stolen. *State* v. *Warner* (1860), 14 Ind. 572; *Smith* v. *State* (1882), 85 Ind. 553, 557; *Fisher* v. *State* (1871), 46 Ala. 717; *Gordon* v. *State* (1882), 71 Ala. 315; *People* v. *Delvin* (1904), 143 Cal. 128, 130, 76 Pac. 900; *Nagel* v. *People* (1907), 229 Ill. 598, 603, 82 N. E. 315; *State* v. *Ingalls* (1896), 98 Iowa 728, 730, 68 N. W. 445; *People* v. *Parrow* (1890), 80 Mich. 567, 571, 45 N. W. 514; *State* v. *Hackett* (1891), 47 Minn. 425, 427, 50 N. W. 472, 28 Am. St. 380; *Sharp* v. *State* (1901), 61 Neb. 187, 191, 85 N. W. 38; *Howard* v. *State* (1880), 8 Tex. App. 450; *Moundsville* v. *Fountain* (1885), 27 W. Va. 182, 196; 1 Bishop, New Criminal Law §1062; 2 Wharton, Criminal Procedure (10th ed.) §1307.

An amended affidavit was filed charging appellant with breaking and entering the warehouse of K. with intent to steal the goods of K. on a date named.

4. To this appellant filed a verified plea in which he recited the filing of the original affidavit, setting it out, and alleged that appellant filed a motion to quash it, which was overruled and he excepted, and that on the same day he pleaded not guilty, and a jury was impaneled and sworn, but that thereafter, also on the same day, the court sustained the motion to quash said affidavit, and thereupon discharged the jury. And he alleged that both affidavits charged the same offense, and that he had been placed once in jeopardy for said offense, and could not be tried again. Incidentally he averred that the first affidavit stated the alleged public offense with sufficient certainty so that the action of the court in sustaining the motion to quash it was erroneous. No rule of law is more firmly established

5. than that a party cannot successfully complain on appeal of an error which he procured the trial

court to commit, and that filing a motion will
4. estop a party to challenge a ruling sustaining
such motion, where it is not dismissed or with-
drawn. Ewbank's Manual (2d ed.) §255. Therefore
appellant is estopped to deny that the first affidavit
was properly quashed. And having procured that rul-
ing to be made, by filing his motion asking the court to
quash the affidavit, he was thereby put in the same
situation as if the first affidavit had never been filed.
*Joy* v. *State* (1860), 14 Ind. 139; *Miller* v. *State* (1904),
33 Ind. App. 509, 512, 71 N. E. 248; *Mills* v. *State*
(1875), 52 Ind. 187, 191; *Ex parte Bradley* (1874), 48
Ind. 548, 551, 557.

Besides, sustaining a demurrer to the special plea of
former jeopardy was harmless in each instance, because
under the plea of not guilty entered by appellant
6. to the first affidavit and entered by the court on
his behalf when he refused to plead to the sec-
ond affidavit (§2072 Burns 1914, Acts 1905 p. 584),
"the defendant may show and prove on the trial that
he had before had judgment of acquittal * * * for
the same offense, or any matter of defense except insan-
ity." §2069 Burns 1914, §1763 R. S. 1881. And in
the absence of any showing that he was denied an
advantage to which he would have been entitled under
his special plea we cannot deem the ruling harmful.
*Barker* v. *State* (1918), 188 Ind. 263, 267, 120 N. E.
593.

It is not made to appear that the appellant introduced
or offered to introduce any evidence to prove former
jeopardy.

The judgment is affirmed.