GUADALUPE ALARCON v. THE STATE.

No. 7141.    Decided June 23, 1922.

1.—Burglary—Theft—Receiving Stolen Property—Jeopardy—Separate Offense.

Theft and receiving and concealing stolen property are separate and distinct offenses from burglary—even though said theft and the transactions involving the receiving and concealing of stolen property grew out of the same criminal enterprise relied upon to establish guilt of burglary, and there was no error in striking out the plea of jeopardy.

2.—Same—Evidence—Identification.

Where, upon trial of burglary, the court received evidence to the effect that property taken from the alleged burglarized house was identified by its owners at times and places not in the presence of the accused, the owners not having testified. Held, that it is error to admit as original evidence proof of the acts, omissions, or declarations of persons done or said in the absence of the defendant, showing their opinion or conclusion as to identity of ownership of such property, same not being res gestae.

Appeal from the District Court of El Paso.    Tried below before the Honorable W. D. Howe.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*N. D. Meyer*, and *A. J. Harper*, for appellant.—Cited: Reddick v. State, 35 Texas Crim. Rep., 469; Murphy v. State, 41 id., 126; Ripley v. State, 51 id., 126.

*R. G. Storey*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of El Paso County of burglary, and his punishment fixed at two years in the penitentiary.

Appellant sought to interpose a plea of jeopardy. From the record it appears that prior to the instant trial he had been placed upon trial on an indictment containing two counts, in one of which he was charged with theft and in the other with receiving and concealing stolen property. He was convicted under the latter count. Upon the proposition that the transaction and offense of which he was convicted was identical with the transaction and offense involved in the instant prosecution, the plea of jeopardy was based. Authorities need not now be cited supporting the proposition that theft and receiving and concealing stolen property, are separate and distinct offenses from burglary, even though said theft and the transaction involving the receiving and concealing of stolen property grew out of the same criminal enterprise relied upon to establish guilt of burglary. There was no error on the part of the trial court in sustaining exceptions to said plea of jeopardy and in striking same from the record.

By various bills of exception complaint is made of the reception by the trial court of evidence to the effect that property taken from the alleged burglarized house was identified by its owners at times and places not in the presence of the accused. This testimony was relied upon by the State as material in establishing the guilt of the appellant. The owners of the property who so identified same, were not used as witnesses upon the instant trial. In his Annotated P. C., Sec. 2482, p. 1343, Mr. Branch cites many authorities in support of the proposition that if the identity or ownership of the alleged stolen property is in dispute, it is error to admit as original evidence proof of the acts, omissions or declarations of persons done or said in the absence of the defendant showing their opinion or conclusion as to the identity or ownership of such property, and also in support of the further proposition that when the person in whom ownership of the property alleged to have been stolen is not produced as a witness, proof that such person identified and claimed the property is not admissible when it is not a part of the res gestae and when such identification was made in the absence of the defendant. Believing said propositions sound and supported by the authorities, and that the trial court erred in overruling appellant's objection to such evidence and in allowing same, a reversal of this case is made necessary, and it is so ordered.

*Reversed a.d remanded.*