THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* EARL SNYDER, Appellant.

Crimes — burglary in third degree — constitutional law —
double jeopardy — conviction for larceny in stealing chickens
no bar to subsequent prosecution for burglary in breaking
into building with intent to steal chickens.

1. Section 404 of the Penal Law makes criminal the act of breaking and entering a building with intent to commit a second crime.   When that act is done, the crime of burglary is complete; if the intent to commit a second crime is effectuated by overt acts thereafter, a separate crime may be committed which under the provisions of section 406 of the Penal Law may be separately punished.

2. The fact that one has been convicted of and sentenced for petty larceny for stealing chickens is not a bar, under the double jeopardy clause of the Constitution, to his thereafter being convicted and sentenced for the crime of burglary in the third degree for breaking into the chicken coop with intent to steal the chickens.

*People* v. *Snyder,* 214 App. Div. 742, affirmed.

(Argued June 5, 1925; decided July 15, 1925.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 15, 1925, which affirmed a judgment of the Schoharie County Court rendered upon a verdict

convicting the defendant of the crime of burglary in the third degree.

*John E. Kelly* for appellant. The indictment charging the defendant with burglary, with intent to commit larceny, was placing the defendant in jeopardy a second time. (*Haskins* v. *People,* 16 N. Y. 348; *People* v. *Snyder,* 2 Park. Cr. Rep. 223; *People* v. *Colburn,* 162 App. Div. 651; *People* v. *Lawton,* 56 Barb. 126; *People* v. *Jackson,* 3 Hill, 92; *People* v. *Miller,* 143 App. Div. 251; *People* v. *Smith,* 57 Barb. 46; *Hurst* v. *State,* 86 Ala. 604; *Jones* v. *State,* 66 Miss. 380; *Cook* v. *State,* 43 Tex. 63; *State* v. *Emery,* 68 Vt. 109.)

*Alberti Baker, District Attorney,* for respondent. There is ample statutory authority for a conviction for burglary in the third degree committed at the same time petit larceny is committed as in this case. (Penal Law, § 406; *People* v. *McCloskey,* 5 Park. Cr. Rep. 57; *People* v. *Warren,* 109 N. Y. 617.) This statute is not in violation of the Constitution and no constitutional right of the defendant has been invaded. (*People ex rel. Cunningham* v. *Bingham,* 134 App. Div. 602; *People* v. *Vevins,* 74 Misc. Rep. 377; 149 App. Div. 935; *People ex rel. Dawkins* v. *Frost,* 129 App. Div. 498; *People* v. *Rodgers,* 184 App. Div. 461; *People* v. *McCloskey,* 5 Park. Cr. Rep. 57; *People* v. *Warren,* 109 N. Y. 615; *People* v. *McGrath,* 202 N. Y. 445.)

Lehman, J. The defendant on May 26, 1923, broke into the chicken coop of one Fred Hemstreet and stole therefrom thirty chickens. He was charged with petty larceny and pleaded guilty to the charge. Sentence of thirty days in the county jail was imposed and then suspended, pending good behavior. Thereafter he was indicted for burglary in the third degree for breaking into the chicken coop with intent to steal the chickens.

His conviction under this indictment has been unanimously affirmed.

The Constitution of the State by positive enactment restates the rule which from time immemorial has been regarded as implicit in our conceptions of fundamental human rights that " no person shall be subject to be twice put in jeopardy for the same offense." (Article 1, section 6.) Not only the letter but the full spirit of the constitutional prohibition is embodied in, if not indeed extended by, our statute law in section 1938 of the Penal Law, which provides that " an act or omission which is made criminal and punishable in different ways, by different provisions of law, may be punished under any one of those provisions, but not under more than one; and a conviction or acquittal under one bars a prosecution for the same act or omission under any other provision."

Authority may be cited for the view that at common law a conviction could not be had under an indictment upon a charge of burglary after a previous conviction for the larceny which represents the consummation of the felonious intent, which constitutes an element of the alleged burglary. (*People* v. *Smith,* 57 Barb. 46, and cases there cited.) If those cases are correctly decided they establish only that at common law the offense of burglary includes as an element the offense of larceny, when committed in connection therewith, and that punishment for the burglary, therefore, also includes punishment for the larceny as the greater includes the less. The Legislature has now defined criminal offenses and their punishment, and the question of whether a charge of larceny is included in an indictment for burglary and whether punishment for burglary includes punishment for larceny as part of the same offense depends solely upon the legislative intent. Question may hardly be raised that there can be no double jeopardy if the Legislature has seen fit to provide that up to a particular point the acts of the defendant constitute one crime and that

the acts of the defendant, committed thereafter, constitute a second crime and that each series of acts constituting a separate crime are subject to separate punishment.

The provisions of our statutes are not open to other construction. Section 404 of the Penal Law provides that " a person who: 1. with intent to commit a crime therein, breaks and enters a building, or a room or any part of a building; * * * is guilty of burglary in the third degree." The statute makes criminal the act of breaking and entering a building with intent to commit a second crime. When that act is done, the crime of burglary is complete; if the intent to commit a second crime is effectuated by overt acts thereafter, a separate crime is committed which the Legislature may declare should be separately punished. Its declaration that there shall be separate punishment for separate crime is clear and unequivocal. " A person who, having entered a building under such circumstances as to constitute burglary in any degree, commits any crime therein, is punishable therefor, as well as for the burglary; and may be prosecuted for each crime, separately, or in the same indictment." (Section 406.) Under the provisions of that section the two separate crimes of larceny and burglary may be joined as two counts in one indictment (*People* v. *Wilson*, 151 N. Y. 403), yet they remain separate crimes, committed through different acts, subject to separate punishment.

The judgment of the Appellate Division should be affirmed.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment affirmed.