[No. 20388.  Department Two.  April 7, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. S. E.
BEAMAN, *Appellant.*[1]

[1] CRIMINAL LAW (54, 55)—FORMER JEOPARDY—IDENTITY OF OF-
FENSES—DIFFERENT OFFENSES IN SAME ACT.  Upon charges of
burglary, petty larceny and destruction of a padlock, a convic-
tion of burglary does not bar a conviction of the other of-
fenses, where, in addition to the breaking and entry, an actual
theft was shown, and the destruction of the padlock was in
itself the breaking included in the burglary.

[2] SAME (16, 275)—DRUNKENNESS AS DEFENSE—INSTRUCTIONS.
Error cannot be assigned upon instructions which were not
excepted to respecting an issue as to accused's mental re-
sponsibility while drunk, which were couched in the language
of Rem. Comp. Stat., § 6258, leaving to the jury the consideration
of his intoxication in determining accused's purpose, motive
and intent.

[3] SAME (449)— APPEAL — EXCLUSION OF EVIDENCE — HARMLESS
ERROR.  Upon an issue as to defendant's intoxication at the time
of the commission of the offense error cannot be assigned upon
sustaining an objection to a question as to how drunk he was,
where the witness afterwards expressed his opinion thereon.

[4] LARCENY (2)—PROPERTY SUBJECT—OUTLAWED WHISKEY.  Con-
traband liquor held by officers of the law may be the subject of
larceny.

Appeal from a judgment of the superior court for
Kittitas county, Davidson, J., entered June 5, 1926,
upon a trial and conviction of burglary, petit larceny
and malicious destruction of property.  Affirmed.

*E. K. Brown,* for appellant.
*Arthur McGuire,* for respondent.

ASKREN, J.—Appellant Beaman was tried and con-
victed on three counts, to wit: burglary in the second
degree, petit larceny, and malicious destruction of prop-

¹Reported in 255 Pac. 91.

erty. From sentence thereon he appeals. The facts follow:

In March, 1926, appellant was placed in the city jail in Cle Elum on account of drunkenness. His condition at the time was bad, the arresting officer being required to use force in making the arrest. He was placed in a separate cell at about 6:30 P. M. At that time two other prisoners were also confined in the same jail,— one Larson and one Little. Shortly before 9:00 P. M. still another prisoner, named English was placed in confinement.

About 9:00 P. M., the officers investigating found that the padlock on Beaman's cell had been broken; that a cell in which was kept contraband liquor was broken into and that some of the liquor had been taken out and a portion of it drunk by the prisoners. Certain water pipes were also broken. Thereupon the prosecutor charged each of the prisoners jointly in an information with the commission of three crimes. The first count charged burglary in the second degree in breaking and entering the part of the building where the liquor was kept. The second count charged petit larceny, based on the taking of the liquor, and the third count charged maliciously breaking and injuring the padlock and water pipes.

The jury found Beaman alone guilty on the first count, Beaman and Larson guilty on the second and third counts, and English and Little not guilty on all three counts.

[1] Upon appeal, it is urged that the appellant could not have been convicted of more than one of the first two crimes charged, because of the identity of the offenses. This point is not well taken. The rule to be applied is stated by Wharton and cited by us in *State v. Dye,* 81 Wash. 388, 142 Pac. 873, as follows:

''Test as to whether two indictments are for the same offense is the fact whether evidence necessary to support the latter indictment would have sustained a conviction under the former indictment. Testimony to sustain the second charge not being admissible to sustain the first charge, there is no former jeopardy.'' Wharton, Criminal Law (11th ed.), p. 528.

The first count charges burglary, the gist of which is the breaking and entering with intent to commit a crime therein. The second count charges petit larceny, the gist of which is the taking of property of a less value than twenty-five dollars.

Turning to the rule, would evidence necessary to support the second indictment or count have sustained a conviction under the first? Manifestly it would not. The gist of each offense is entirely separate. On a charge of larceny the appellant could not be convicted of burglary. Nor does a conviction of burglary *ipso facto* dispose of the larceny, for a jury might find the facts constituting burglary without finding that there had been any larceny, and the reverse is also true.

The rule is well stated in 16 C. J., p. 277:

''But, although the contrary rule prevails in some jurisdictions, it has been held quite generally that an acquittal or conviction on an indictment for burglary which merely charges a breaking and entering with intent to steal will not bar a subsequent prosecution for the actual theft. Nor will an acquittal or a conviction of the larceny bar a prosecution for the burglary so alleged.''

As to the third count, it should be stated that the padlocks alleged to have been broken were those placed on appellant's cell, and not the one broken in securing the burglarious entrance into the place where the liquor was held. As to that padlock the destruction thereof was in itself the act of breaking which is included in the charge of burglary.

[2]   The next error assigned related to the failure of the court to give certain requested instructions relative to the state of mind of the appellant at the time of the commission of the acts charged.   It was appellant's defense that he was so intoxicated that he did not know what he was doing, and could not form an intent to commit either the crime of burglary or larceny. On this point the court instructed as follows:

### 19.

"No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his condition but whenever the actual existence of any particular purpose, motive or intent is a necessary element to constitute a particular species or degree of crime, the fact of his intoxication may be taken into consideration in determining such purpose, motive or intent.

### 20.

"In other words, voluntary intoxication furnishes no excuse, justification or extenuation for a crime committed while under its influence, but if his mental condition at the time of the alleged criminal act is such that he was incapable of having any intent his act is not a crime at all.

"If therefore there is any evidence in this case of voluntary intoxication of any defendant, such fact should be taken into consideration together with all the other facts established by the evidence to determine the existence or non-existence of an intent.

### 21.

"I further instruct you that the intent with which an act is done need not be proven by direct and positive evidence, but may be determined by the jury from all the evidence, facts and circumstances in the case, provided that you are convinced thereby, beyond a reasonable doubt of the existence of such intent."

These instructions were not excepted to and therefore became the law of the case.   The instructions refused by the court were drawn in varying language,

but the burden of each of them was that the jury should determine whether from intoxication the mental faculties of the appellant were so impaired that he could not distinguish between right and wrong or understand the natural consequences of his acts. The authority for these instructions is based upon *State v. Craig*, 52 Wash. 66, 100 Pac. 167, a felony case where insanity was interposed as a defense. In this case insanity was not interposed as a defense.

Instruction No. 19, is a copy of Rem. Comp. Stat., § 2258, [P. C. § 8693]. Brief references to it will show that voluntary drunkenness is not a defense, for it specifically provides that no act shall be deemed less criminal because of it. Its whole purpose is to provide that a jury shall take into consideration the fact of intoxication in determining the purpose, motive or intent. The question of knowledge of right or wrong is immaterial in cases of voluntary intoxication.

See *Director of Public Prosecutions v. Beard*, 12 A. L. R. 846, and accompanying note. Also *Waldrop v. State*, 185 Ala. 20, 64 South. 80.

[3] It is also claimed that the court erred in sustaining an objection to a question propounded to the witness Little as to the extent of appellant's intoxication. The following occurred:

"Q. How long have you known Shady? A. I couldn't say exactly, it must be 15 years something like that. Q. How drunk was he that night? A. I couldn't tell you how drunk a man is; that is a pretty hard proposition; I know he was drunk, I call him fool drunk. Q. With your acquaintance with him would you consider he knew what he was doing? MR. McGUIRE: I object to that question. MR. BROWN: If Your Honor please, this is the same as insanity. THE COURT: I don't think it is. Objection sustained. MR. BROWN: Exception. Q. What I want you to do is to convey to the minds of the jury just how drunk Beaman was? A. I couldn't go to work and say just how drunk he was; I couldn't

say that. I don't see how you could figure that I could say how drunk a man was; my opinion of it—the officers claimed he was drunk and I can't contradict that.''

Assuming the question was proper under all the circumstances and that the objection should not have been sustained it clearly appears by the last answer that the witness showed that he could not answer the previous questions, and that no prejudice resulted from sustaining the objection.

[4] The last error assigned is the introduction of certain exhibits of liquor in evidence. The ground of this error is said to be that since the liquor in the storeroom had served its purpose in other cases of prosecution, and was merely being held by the officers, there could be no larceny of it.

We have held that liquor, although outlawed and contraband may still be the subject of larceny. *State v. Donovan*, 108 Wash. 276, 183 Pac. 127; *State v. Schoonover*, 122 Wash. 562, 211 Pac. 756. The objection that the liquor should have been destroyed instead of being put in the storeroom is not one that can be of any avail to appellant. Whether the officers had fully completed the necessary use of the liquor, and, if so, whether they should have destroyed it *instanter*, is of no moment to us. It is enough for us to know that appellant took that which he had no right to take.

The judgment is affirmed.

TOLMAN, and PARKER, JJ., concur.

MACKINTOSH, C. J., (dissenting)—It is at least startling to the court, and it was certainly so to the appellant, to find, after he had been put in a city jail not charged with any crime, but only for the purpose of safe-keeping and sobering up, that when the latter purpose had been accomplished he was, as the result of lack of proper supervision, then liable to punishment

for felonies carrying terms exceeding his natural life expectancy. It can not be sound law that one who is in such condition that he can not properly take care of himself can be given what amounts to life imprisonment for offenses which are the result of his condition and confinement. While there was perhaps no legal duty on the authorities to prevent the appellant's actions while in their jail, yet there is such an element of neglect in their conduct as in a civil action between individuals would give good ground for the defense of contributory negligence. The conviction of the appellant for three felonies, committed as these were claimed to have been, is so contrary to a sense of justice that I am forced to withhold my acquiescence therein and think that the appellant, at the very least, is entitled to a new trial, for the reason that the court too narrowly confined the evidence as to the extent of the appellant's intoxication as bearing on his ability to have a criminal intent. While voluntary drunkenness is not a defense to crime, yet it may result in such a mental state as will negative the idea of criminality.

The strict enforcement of too many purely technical rules has resulted in an unjust and absurd judgment.

I therefore dissent.

FRENCH, J., concurs with MACKINTOSH, C. J.