## STATE OF MARYLAND *v.* LE ROY CHARLES WILEY
[No. 20, October Term, 1937.]

120

*Decided November 3rd, 1937.*

The cause was submitted on briefs to BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Herbert R. O'Conor, Attorney General, Hilary W. Gans, Deputy Attorney General,* and *James H. Pugh, State's Attorney for Montgomery County,* for the State.

*Stedman Prescott,* for the appellee.

JOHNSON, J., delivered the opinion of the Court.

On March 17th, 1937, an indictment was found by the grand jurors for Montgomery County against LeRoy Charles Wiley in the following words:

"The Grand Jurors of the State of Maryland, for the body of Montgomery County, upon their oaths and affirmations present that LeRoy Charles Wiley late of said County, on the eleventh day of November in the year of our Lord nineteen hundred and thirty-six about the hour of eight-thirty o'clock in the night of the same day, at the County of Montgomery aforesaid, the dwelling house of Lloyd C. Shumac there situate, feloniously and burglariously did break and enter, with intent then and there the goods and chattels, moneys and properties of Lloyd

C. Shumac and Margaret Shumac in the same dwelling house then and there being found, then and there feloniously and burglariously to steal, take and carry away, contrary to the form of the Act of Assembly in such case made and provided, and against the peace, government and dignity of the State.

Second Count.

And the Grand Jurors aforesaid, upon their oaths and affirmations aforesaid do further present that the said LeRoy Charles Wiley on the said day in the said year, at the said County, one lady's Hudson Seal fur coat of the value of three hundred dollars, current money; altogether of the value of three hundred dollars current money, altogether in excess of the value of twenty-five dollars current money of the goods and chattels, moneys and properties of Margaret Shumac then and there being found, did, then and there feloniously steal, take and carry away, contrary to the form of the Act of Assembly in such case made and provided, and against the peace, government and dignity of the State."

The traverser demurred to the first count and pleaded not guilty to the second. His demurrer was sustained, and the case proceeded to trial on the charge contained in the second count, as to which he was found not guilty.

From the action of the trial court in sustaining the demurrer to the first count, the State prosecutes this appeal; hence the question is presented as to the sufficiency of that count.

There is no contention that, tested by familiar rules, any of the six elements, viz: (1) Breaking, (2) entry, (3) in the night time, (4) in the dwelling house, (5) of another, (6) with intent to commit a felony therein, each of which is necessary to constitute the crime of common law burglary, is here lacking, but appellee claims that by the passage of chapter 78, Special Session of 1933, amending section 319 of article 27 of the Code, which makes the larceny of property under the value of $25.00 a misdemeanor, the count is defective in failing to state that appellant, at the time of breaking and entering the dwell-

ing house of Lloyd C. Shumac, intended to steal articles of the value of $25.00 or more, while the State insists that, even assuming the Legislature, in amending section 319, thereby changed the common law definition of burglary, the first count of the indictment is nevertheless good as against demurrer, since it charges a breaking and entering of the dwelling house with intent "feloniously and burglariously" to steal certain goods and chattels of the Shumacs, and this is of necessity equivalent to the charge that appellee entered the dwelling with intent to steal property of sufficient value to make the larceny a felony, because if at the time of the breaking and entering he intended to steal property to the value of less than $25.00, it could not have been felonious.

In support of his contention, appellee refers to 9 *C. J.*, page 1052, note 76A, which contains a reference to the case of *Territory v. Duncan*, 5 Mont. 478, 6 P. 353. In that state petit larceny was by statute declared to be a misdemeanor, and it was held that an indictment alleging breaking and entry with an intent to commit larceny, without any allegation as to the value of the goods to show that the larceny so intended was a felony, did not charge burglary, but we fail to see any analogy between that charge and the one here under consideration. He also refers us to *Reed v. State*, 66 Ark. 110, 49 S. W. 350, in which the court held that an indictment there under consideration, using the words "with the felonious and burglarious intent the property of the said John Heed being in said house feloniously and burglariously to take, steal and carry away," was insufficient to charge the defendant with entering with intent to commit a felony. In that state there were two grades of larceny, one of which was a misdemeanor and the other a felony, and the holding seems to have been upon the reasoning that the indictment was insufficient because of failure to state that the traverser had an intent to commit a larceny which was under the law a felony. We are not prepared to accept the reasoning of that decision as controlling in this case, where the indictment charges the unlawful entry was

made by the appellee "feloniously and burglariously to steal" property of the Shumacs, as in our judgment this language certainly and definitely charges an intent to commit the larceny of goods of such value as would, under the law of this State, amount to a felony, and this being true, the court erred in sustaining the demurrer to the first count of the indictment. It becomes unnecessary to consider the question as to whether, in amending section 319 of article 27, the Legislature thereby intended to change the definition of common law burglary, hence we do not pass upon it.

Appellee advances the argument that, by reason of an acquittal on the larceny count of the indictment, he cannot now be tried under the first count, for he states the burglary count charged him with breaking and entering the dwelling to commit the larceny alleged in the second count. There are two answers to that contention. The first is that nothing is found in the record to support of any such claim, and secondly, even if it were found from the records to be true, it would not follow that he was not guilty of the breaking and entering with intent to commit the larceny, since if the entry was accompanied by the felonious intent he would be guilty, notwithstanding nothing was in the dwelling susceptible of larceny, and even though he did not, after entering, commit the crime of larceny. I *Bishop on Criminal Law* (9th Ed.) secs. 566 (2), 576 (4); 4 *R. C. L.*, pages 416, sec. 3, and 436, sec. 29; 9 *C. J.*, page 1009, sec. 1; 9 *Am. Jur.* "*Burglary,*" secs. 46 and 51; *Hochheimer's Criminal Law* (2nd Ed.) sec. 278.

Because of the erroneous ruling of the trial court with reference to the first count, the order appealed from must be reversed.

> *Order reversed, with costs, and cause remanded.*