THE PEOPLE OF THE STATE OF NEW YORK ex rel. BENJAMIN DANIELS, Appellant, v. THOMAS H. MURPHY, as Warden of Clinton Prison, Dannemora, New York, Respondent.— Appeal from an order of the Clinton County Court, rendered on the 6th day of February, 1939, dismissing a writ of habeas corpus and remanding relator to the custody of the warden of Clinton Prison. Relator is at present being detained by the warden of Clinton Prison by virtue of a sentence to a term of fifteen years for robbery in the second degree rendered by the County Court of Queens county on April 13, 1931, upon his plea of guilty and proof that he was a second offender. He contends that this sentence was erroneous in that he should have received an indeterminate sentence of not less than seven and one-half and not more than fifteen years, in which event he would by this time have served such minimum and would now be entitled to be released. He concedes that in 1924 he was convicted in the County Court of Queens county of the crime of grand larceny in the first degree and sentenced to a term of ten years. As to this latter conviction, he claims that he was a first offender and that his sentence was illegal. He admits that he served six and one-half years of that sentence and in May, 1930, was released on parole and was declared delinquent in February, 1931. It further appears that on April 3, 1914, in the Court of General Sessions of County of New York, he pleaded guilty to petit larceny and sentence was suspended under an indictment charging him with burglary in the third degree, petit larceny and criminally receiving stolen property. On February 11, 1915, he was rearraigned in such court, withdrew his plea of petit larceny, pleaded guilty to the burglary, third degree, charge in the same indictment, and again sentence was suspended. As to this felony conviction he claims that it was unlawful for the court to permit the withdrawal of the plea to petit larceny and to permit a plea of guilty to the burglary, third degree, count in the indictment. Thus the appellant at the time of his sentence in 1931 stood convicted of two previous felonies. Section 2189 of the Penal Law then provided an indeterminate sentence to a State Prison only for a person who then stood convicted of a felony other than murder first or second degree and never before convicted of a crime punishable by imprisonment in a State Prison. (Penal Law, § 2189, as amd. by Laws of 1919, chap. 411.) We may disregard the question as to whether he was properly convicted of the third

degree burglary count in the indictment in 1915 after he had previously been permitted to plead guilty to the petit larceny count in the same indictment and sentence had been suspended thereon, although in passing we may say that we see no irregularity in that procedure because at the time he received a suspended sentence for the petit larceny conviction the remaining counts in the indictment were not dismissed and were undisposed of. (*People* v. *Snyder*, 241 N. Y. 81.) But regardless of the 1915 conviction, the 1924 felony conviction is admitted by appellant, although he claims he should have received an indeterminate sentence as a first offender rather than the definite term of a second offender. We find no invalidity in that sentence. He has now served it. This made him a second offender in 1931. At that time the court had no choice save to sentence him as a second offender to a definite term, which it did. The order below should be affirmed. Order unanimously affirmed. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.