(No. 30467.)

The People of the State of Illinois, Defendant in Error, *vs.* Russell F. Woolsey, Plaintiff in Error.

*Opinion filed March 18, 1948.*

Russell F. Woolsey, *pro se.*

George F. Barrett, Attorney General, of Springfield,

(F. A. REISNER, State's Attorney, of Jerseyville, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, Russell F. Woolsey, who appears *pro se,* was indicted in the circuit court of Jersey County for the crime of burglary by breaking and entering the dwelling house of one Edward Nelson. The indictment was returned at the March, 1938, term of said court and consisted of eight counts charging plaintiff in error with burglary on two different dates. April 5, 1938, plaintiff in error appeared in open court and, being duly arraigned, entered a plea of not guilty, at which time counsel was appointed to represent him. On April 13, 1938, plaintiff in error appeared in person with his attorney and moved the court for leave to withdraw his plea of not guilty, which motion was allowed and plea withdrawn. Plaintiff in error was then again duly arraigned and having been furnished with a copy of the indictment, list of jurors and witnesses, waived his right to a trial by jury in writing and entered a plea of guilty to the crime of burglary in manner and form as charged in the indictment. After being duly admonished by the court as to the consequences and effect of his plea, and advised as to his rights, plaintiff in error persisted in his said plea of guilty. The court accepted the plea and found the plaintiff in error guilty of the crime of burglary in manner and form as charged in the indictment and found his age to be twenty-seven years. The cause is here on the common-law record.

Plaintiff in error assigns eight errors upon which he relies for a reversal of the judgment. The substance of the errors alleged is that plaintiff in error had, previous to his indictment in the circuit court, entered his plea of guilty in the county court of Jersey County on December 16, 1937, to the charge of larceny at which time he was

sentenced to serve six months at the Illinois State Farm; that his present conviction for burglary grew out of the same transaction which resulted in his being wrongfully prosecuted a second time for a crime wherein a part of that crime had already been tried and adjudicated.

It is the contention of plaintiff in error that his prior sentence to the Illinois State Farm for the charge of larceny arose out of the same transaction as his indictment for burglary, and therefore he has been placed in double jeopardy. The objections as urged by plaintiff in error do not properly appear in the record as presented here. The proceedings in the county court not being a part of the record before us cannot be considered in this court on review. Even if the record which pertains to the proceedings in the county court were properly presented to this court, it would be of no avail to plaintiff in error for the reason that it clearly appears that his plea of guilty in the county court was as to the charge of larceny, while the indictment here as returned in the circuit court is for the crime of burglary. These are separate offenses and, even though they occur at the same time, the principle of double jeopardy would have no application.

The rule that a person cannot be twice tried or put in jeopardy for the same offense has no application where two separate and distinct crimes are committed by one and the same act. (*People* v. *Fox,* 269 Ill. 300.) To the same effect, in order for a former conviction to be a bar to a subsequent prosecution, the two offenses must be the same, both in law and in fact. It is not enough that the act is the same, for by the same act a person may commit several offenses in law. *People* v. *Flaherty,* 396 Ill. 304; *People* v. *Harrison,* 395 Ill. 463; *People* v. *Loftus,* 395 Ill. 479.

From an examination of the record in this case we do not find any errors warranting a reversal. For this reason, the judgment of the circuit court of Jersey County is affirmed. *Judgment affirmed.*