21 N.J. Super. 497 (1952)
91 A.2d 428
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DANIEL J. LOUDEN AND EDWARD J. HANABURY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted September 15, 1952.
Decided October 1, 1952.
Before Judges EASTWOOD, GOLDMANN and FRANCIS.
*498 Mr. Mario H. Volpe, Mercer County Prosecutor, attorney for respondent (Mr. Frank H. Lawton, First Assistant Prosecutor, and Mr. Frederick M. English, Assistant Prosecutor, on the brief).
Mr. Daniel J. Louden and Mr. Edward J. Hanabury, pro se.
PER CURIAM.
On August 7, 1949 defendants broke into a garage and stole $30 in cash from the office. They then stole an automobile from the adjoining shop. They were subsequently jointly charged in separate accusations with (1) larceny of the motor vehicle (R.S. 2:145-6), and (2) breaking, entering and larceny of money (R.S. 2:115-1, 2:115-3 and 2:145-2). On December 16, 1949 both defendants pleaded guilty to the accusations. They were subsequently sentenced by the Mercer County Court to State Prison for a term of five to seven years on the first accusation, and for a term of three to five years on the second, the sentences to run consecutively.
Defendants, presumably under Rule 2:7-13, moved before the Mercer County Court for correction of the sentences, claiming that they constituted a double punishment for crimes growing out of the same act, thereby subjecting them to double jeopardy. They sought to have vacated the conviction and sentence on their plea of guilty to the charge of breaking, entering and larceny of money. The County Court denied their motion.
Defendants cite State v. Cooper, 13 N.J.L. 361 (Sup. Ct. 1833) and State v. Mowser, 92 N.J.L. 474 (E. & A. 1919), reversing 91 N.J.L. 395 (Sup. Ct. 1918). Neither supports their contention of double jeopardy; in each case the two felonies charged were the result of the same criminal act. Here the act of breaking and entering the garage and stealing cash from the office gave rise to one criminal charge. The subsequent distinct act of stealing an automobile found in the garage resulted in the other charge.
*499 State v. Cooper holds that the test of double jeopardy is whether acquittal of one offense would show that the defendant could not have been guilty of the other. As was recently said by the Supreme Court, "The true test of former jeopardy would seem to be whether the evidence necessary to sustain the second indictment would have been sufficient to secure a legal conviction of the first." State v. Labato, 7 N.J. 137 (1951); and see 1 Wharton on Criminal Law (rev. ed. 1932), § 394, p. 531. Acquittal of the charge of larceny of the automobile would not have proved defendants guiltless of the charge of breaking, entering and larceny of money, and vice versa. Neither offense is an essential ingredient of the other.
It is not necessary to consider the other points raised by the State: (1) that the right to be free from double jeopardy is a personal right which was waived by the defendants, and being so waived is conclusive upon them (In re Hall, 94 N.J. Eq. 108 (Ch. 1922)); (2) that Rule 2:7-13 is limited to the correction of a sentence disclosed by the records as illegal, and (3) that the time for appeal under Rule 1:2-5 had expired.
We decide this appeal on the fundamental question presented in order to give defendants a definite answer to the question of double jeopardy which they raise. This will obviate repeated applications to the County Court, with appeals to this court which inevitably follow.
The order of the Mercer County Court is affirmed.