## Fourth Department, October, 1968

### (October 24, 1968)

■ The People of the State of New York, Respondent v. Richard F. Jefferies, Appellant.— Order entered January 4, 1968 reversed and motion for resentence granted. Judgment rendered March 30, 1965 modified on the law and facts to provide that the sentences imposed in the judgment are to be served concurrently. All concur, Witmer, J. not participating. Memorandum: In March, 1965 appellant pleaded guilty to two counts of an indictment charging that on a stated date he committed grand larceny, first degree, by taking $6,300 from one Walz and that on the same date he committed assault, second degree, by striking Walz with a pistol — an instrument likely to produce grievous bodily harm. He was sentenced to consecutive terms of 5 to 10 years and 2½ to 5 years on the respective counts. The issue presented is whether the acts constituting the two crimes were separate and distinct so that punishment could be imposed for each although they arose out of a single transaction or whether they were merely a single inseparable act violative of more than one statute for which there would have to be a single punishment (cf. *People ex rel. Maurer* v. *Jackson,* 2 N Y 2d 259, 264). Since there was a plea of guilty and no trial evidence respective counsel have made use of the Grand Jury minutes to ascertain the facts. Therefrom we learn that a codefendant (Rhoda) knowing that Walz carried large sums of money on his person persuaded appellant to undertake the robbery. Complainant testified that he went to work early in the morning. Shortly thereafter, according to Walz, a man entered the warehouse " grabbed me by the throat and hit me on the face (with a revolver) and put the gun on my face and he said ' This is a stick up ' ". Walz tried to throw his wallet in a waste basket but the man observed him, grabbed the wallet and fled. We conclude that both crimes arose out of a single transaction motivated by a continuing intent to commit larceny and that consecutive sentences were improperly imposed (*People* v. *Kelley,* 25 A D 2d 715). We further conclude that no different result would be reached if one were to apply the so-called " time sequence " test — " one thing done before the next thing starts." (Bergan, J., dissenting in *People* v. *Di Lapo,* 14 N Y 2d 170, 175; see, also, *People* v. *Snyder,* 241 N. Y. 81, 83–84; *People* v. *Baker,* 27 A D 2d 269, 273.) Here the series of events — the assault with the hands, the blow to the face with the revolver and the snatching of the wallet — must have taken only a brief period. It would be difficult, if not impossible, with this time sequence to find that separate acts of assault and larceny were committed with the requisite criminal intent as to each. (Appeal from order of Monroe County Court denying, without a hearing, motion for resentence.) Present — Bastow, P. J., Goldman, Del Vecchio, Marsh and Witmer, JJ.