STATE OF NEBRASKA, APPELLEE, v. LINDSAY A. FRENCH,
APPELLANT.
236 N. W. 2d 832

Filed December 24, 1975. No. 40126.

Jeffrey H. Jacobsen, for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

The defendant was convicted of the sale of heroin and hashish oil. He was tried for the sale of both substances at 12:20 a.m., on January 7, 1975, and for another sale of similar substances to the same party at 8:29 p.m., on the same day. The information contained

one count pertaining to the sale of heroin and another pertaining to the sale of hashish oil, both on the date mentioned. It fails to mention the time of these sales or that two separate sales incidents occurred. Instructions were given on four counts, two relating to the early morning sales and two relating to the evening sales. The information is not in keeping with sections 29-1603 and 29-2002, R. R. S. 1943, which require that separate offenses be set out in separate counts. The information was vulnerable to objection as was also the evidence and the instructions relating to the second sales. No objections were made and the jury acquitted the defendant of the second or evening sales. Neither has this situation been referred to in the motion for a new trial nor the defendant's assignments of error. Any objections have been waived, or cured by the verdict.

There was sufficient evidence to sustain the verdict finding defendant guilty of the early morning sales. Defendant asserts the verdict is "reversibly inconsistent" because the jury chose to believe the informant as to the morning sales but not as to the evening sales. As to the latter, there was substantial evidence submitted by defendant of an alibi. It is evident that this could well have raised a reasonable doubt in the minds of the jurors. We have often held that: "In jury cases, the jurors are the judges of the credibility of the witnesses and of the weight to be given their testimony and, within their province, they have the right to credit or reject the whole or any part of the testimony of a witness in the exercise of their judgment." State v. Godinez, 190 Neb. 1, 205 N. W. 2d 644. It was for the jury to determine how much or how little of the informant's testimony was acceptable. Furthermore, it is generally held that: "Where the several offenses charged in a multicount indictment or information involve factual variations, such as different times, dates, places, property, or victims, the finding on one count will not ordinarily be held inconsistent with that on any other."

Annotation, Criminal Verdict - Inconsistency, 18 A. L. R. 3d, § 9, p. 290. See, also, Weinecke v. State, 34 Neb. 14, 51 N. W. 307; Wentz v. State, 108 Neb. 597, 188 N. W. 467; Asbra v. State, 144 Neb. 146, 12 N. W. 2d 845.

The judgment of the District Court is affirmed.

AFFIRMED.