STATE OF NEBRASKA, APPELLEE, V. ARNOLD EAGLE DEER, APPELLANT.

286 N. W. 2d 770

Filed January 3, 1980. No. 42681.

David J. Clegg and Gary C. Newnham, Of Counsel, Western Nebraska Legal Services, for appellant.

Paul L. Douglas, Attorney General, and Sharon M. Lindgren, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

The defendant was charged on one count of feloniously entering a building and one count of stealing an automobile. He was found guilty by a jury on count I, and found guilty of the lesser-included offense of taking an automobile for wrongful use under count II. He was sentenced to 5 years in the penal complex on count I, and 6 months in the county jail for the offense of wrongful use of an automobile, the sentences to run concurrently, with credit given for time already served in jail.

Sometime before 5 a.m., December 7, 1978, the defendant entered the Merchen Chevrolet garage building in Gordon, Nebraska, through a window. The defendant testified that he had been drinking prior to his entry into the building and his memory was not good. He spent some time in the building and then took an automobile and drove it out of the garage. At approximately 5 a.m., on December 7, 1978, the automobile was found stuck in a ditch on a country road some 8 miles east of Gordon, Nebraska. The defendant was in the automobile when it was first observed by a witness, who reported to the police. Police officers responding to the report found the defendant walking along the road a short distance from the automobile. Inside the automobile was a 5-gallon gas can approximately half full, and

some of the automobile owner's clothing which had been left in the car. The defendant was wearing some pieces of the clothing when he was found. Testimony established that the gas can came from the Merchen Chevrolet garage and that the can was not in the automobile when the building was closed the evening before.

The defendant contends that the jury verdict is legally inconsistent. His position is that because the jury did not find him guilty of stealing the automobile on count II, they could not have found that he attempted or intended to steal something of value within the building, which is an essential element of the offense charged in count I of feloniously entering a building. Defendant's argument rests on the assumption that the automobile is the only property which could establish an attempt to steal under count I, and that, in essence, the two counts are all a part of one transaction, and consequently the verdict is inconsistent. Essentially, the defendant asserts that because the jury did not find him guilty of stealing an automobile, then he cannot be found guilty of feloniously entering a building. We disagree.

The general rule which is followed by this court is that where the several offenses charged in a multicount indictment or information involve factual variations, such as different times, dates, places, property, or victims, the finding on one count will not ordinarily be held inconsistent with that on any other count. State v. French, 195 Neb. 88, 236 N. W. 2d 832.

The charge in count I of feloniously entering a building and attempting to steal and the charge in count II of stealing an automobile were separate and distinct charges. The evidence was sufficient for the jury to find that the offenses occurred at different times and involved different property. The evidence was sufficient for the jury to find that the de-

fendant, at the time he entered the building, intended and later attempted to steal property of value, other than the automobile, while he was in the building. The gas can, gasoline, and articles of clothing were all property of value. The evidence was also legally sufficient for the jury to have found the defendant guilty of stealing the automobile, but the fact that he was found guilty of only the lesser-included offense of wrongful use of the automobile on count II does not make the guilty verdict on count I inconsistent or invalid.

In determining the sufficiency of the evidence to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations or weigh the evidence. Such matters are for the jury, and the verdict must be sustained, if, taking the view most favorable to the State, there is sufficient evidence to support it. State v. Tiff, 199 Neb. 519, 260 N. W. 2d 296.

The jury verdict in the present case is not inconsistent, and the evidence is sufficient to sustain the verdict on each count. The judgment of the District Court was correct and the conviction and sentence on each count is affirmed.

AFFIRMED.