STATE OF NEBRASKA, APPELLEE, V. ARTHUR D. CARTER,
APPELLANT.

288 N. W. 2d 35

Filed January 29, 1980. No. 42692.

Dennis R. Keefe, Lancaster County Public Defender, and Rodney J. Rehm, for appellant.

Paul L. Douglas, Attorney General, and Linda A. Akers, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

CLINTON, J.

The defendant, Arthur D. Carter, was charged with burglary in having willfully broken into and entered the Pioneers 66 station at 48th Street and Pioneers Boulevard in the city of Lincoln, with the intent to steal property of value, all in violation of section 28-532, R. R. S. 1943. He entered a plea of not guilty, waived a jury trial, and consented to be tried by the court. He was found guilty and sentenced to a term of 1 to 2 years in the Nebraska Penal and Correctional Complex.

On appeal to this court defendant argues that the proof is not sufficient to show he had the intent to permanently deprive the owner of an automobile taken in the burglary and that the evidence is otherwise insufficient to support the finding of guilty.

The evidence (testimony of an accomplice, together with corroborating circumstances) was sufficient for the trier of fact to find that defendant and a friend, Kleitsch, during the early morning hours of August 16, 1978, were on their way to their respective homes on a motorcycle owned by defendant. The motorcycle ran out of gasoline. The defendant pushed the vehicle to the Pioneers 66 station, which was closed and locked. The two men attempted to

get gasoline from the pump hoses. Their efforts being unsuccessful, defendant threw a concrete block into the glass of the station door, entered, and then drove an automobile out through the unopened door. Later, a tire on that automobile went flat and the car was abandoned. Another automobile was taken, which was later found abandoned near defendant's home.

Defendant denied taking any part in the events described. His story was that he refused to participate in the burglary or in the use of the automobiles and that he walked all the way to his home in northwest Lincoln, some 10 miles from the station. He testified that Kleitsch committed all the acts involved.

The crime of burglary is complete when there is a breaking and entering with a requisite intent, in this instance, to steal. No actual theft or asportation of property is required. State v. Eynon, 197 Neb. 734, 250 N. W. 2d 658.

The evidence outlined was clearly sufficient to permit the trier of fact to find that the defendant entered with the intent to steal. In determining the sufficiency of the evidence to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the trier of fact, and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. State v. Tiff, 199 Neb. 519, 260 N. W. 2d 296; State v Eagle Deer, *ante* p. 249, 286 N. W. 2d 770.

Defendant argues, however, that his intention not to steal is established as a matter of law because he had earlier been found guilty of the wrongful use of an automobile in the taking of the vehicle which was involved in the transaction of August 16, 1978. His contention seems to be that a finding of guilty on the wrongful use charge is a conclusive determination of

the intent of the defendant when he entered the building. Defendant's position would appear to be that there exists that type of former jeopardy sometimes referred to as collateral estoppel, although he does not use that analysis.

The defendant's position is not meritorious for several reasons. Neither theft nor, in this instance, the taking of the automobile for temporary use is a lesser-included offense of burglary. A lesser-included offense is one, the elements of which include some, but not all, of the elements of the greater offense, i.e., the lesser is fully embraced in the greater. State v. Tamburano, 201 Neb. 703, 271 N. W. 2d 472. As we have earlier noted, larceny, which includes asportation (as does wrongful use of an automobile), is not included within the crime of burglary. Neither an acquittal nor a conviction of a larceny committed in the course of a burglary bars a prosecution for the crime of burglary. The People v. Woolsey, 399 Ill. 617, 78 N. E. 2d 237; Cambron v. State, 191 Ind. 431, 133 N. E. 498; Williams v. State, 205 Md. 470, 109 A. 2d 89; State v. Wiley, 173 Md. 119, 194 A. 629; People v. Snyder, 241 N. Y. 81, 148 N. E. 796; People v. Mignogna, 54 N. Y. Supp. 2d 233; People v. Mangano, 269 App. Div. 954, 57 N. Y. Supp. 2d 891, affirmed 296 N. Y. 1011, 73 N. E. 2d 583; Cooper v. State, 154 Tex. Crim. 182, 226 S. W. 2d 122; Alarcon v. The State, 92 Tex. Crim. 288, 242 S. W. 1056; State v. Beaman, 143 Wash. 281, 255 P. 91; State v. Louden, 21 N. J. Super. 497, 91 A. 2d 428. The rule that a person cannot twice be put in jeopardy for the same offense has no application where two separate and distinct crimes are committed by one and the same act because the constitutional inhibition is directed to the identity of the offense and not to the act. State v. Goodloe, 197 Neb. 632, 250 N. W. 2d 606.

The defendant's argument is similar to that made in State v. Eagle Deer, *supra*, where the defendant

was charged with burglary and the stealing of an automobile. The factual situation was similar to that involved in this case. The jury found the defendant guilty of wrongful use of an automobile (a lesser-included offense of auto theft), as well as guilty of the burglary charge. It was argued that the verdicts on the two charges were inconsistent. We said: "The evidence was also legally sufficient for the jury to have found the defendant guilty of stealing the automobile, but the fact that he was found guilty of only the lesser-included offense of wrongful use of the automobile on count II does not make the guilty verdict on count I inconsistent or invalid." Neither double jeopardy nor collateral estoppel is applicable under the circumstances which the defendant asserts exist here.

A second reason the contention cannot be upheld is because the issue was not raised in the lower court and has been waived. No proof of a prior conviction was offered or introduced at trial or even mentioned. No plea of former jeopardy was even tendered. The sole reference in the record to a prior conviction was at the time of sentencing when the trial judge made comments, apparently related to the presentence investigation, which lead to the inference that the defendant had been convicted of wrongful use of automobiles on the day in question. The defense of collateral estoppel, if it could be said to exist, was waived. Haddad v. United States, 349 F. 2d 511; State v. Birkestrand, 239 N. W. 2d 353 (Iowa, 1976).

AFFIRMED.