STATE OF NEBRASKA, APPELLEE, V. FRANKIE L. COLE, APPELLANT.

352 N.W.2d 154

Filed July 20, 1984.   Nos. 83-387, 83-388.

Thomas M. Kenney, Douglas County Public Defender, and Victor Gutman, for appellant.

Frankie L. Cole, pro se.

Paul L. Douglas, Attorney General, and Michaela M. White, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, SHANAHAN, and GRANT, JJ., and BRODKEY, J., Retired.

BOSLAUGH, J.

The defendant, Frankie L. Cole, was charged in case No. 83-387 with burglary of the Kardell Service Station in Omaha, Nebraska, on October 16, 1982. In case No. 83-388 he was charged with burglary of the H & V Auto Repair in Omaha, Nebraska, on October 15, 1982, and with theft of an MGB automobile from H & V Auto Repair.

Upon the motion of the State the cases were consolidated for trial and were tried together to a jury. At the close of the State's evidence the trial court dismissed the burglary count in case No. 83-388. The jury returned a verdict of guilty in both cases. The defendant was sentenced to imprisonment for 10 years on each count, the sentences to run consecutively.

The defendant appealed to this court, where the cases were consolidated for argument. The defendant contends that it was error for the trial court to deny the defendant's motion to dismiss one of the counts in case No. 83-388 and to consolidate the cases for trial.

The evidence shows that the Kardell Service Station was burglarized on the night of October 15, 1982. Three tires were stolen and a large number of cigarettes and approximately $50 in change were taken from the cigarette machine. The H & V Auto Repair was burglarized the same night and an MGB automobile was taken from the shop. The defendant was apprehended at about 5 a.m. on October 16, 1982, while driving the stolen MGB automobile. A large quantity of cigarettes was found in the automobile, and the defendant had a large amount of change on his person when arrested. His thumbprint was found on the door panel which had been removed to gain entry into the Kardell Service Station. The evidence was clearly sufficient to permit the jury to find the defendant guilty beyond a reasonable doubt on both counts.

The defendant moved to dismiss one of the counts in case No. 83-388 on the theory that he was being placed in double jeopardy by being charged with both burglary and larceny arising out of the same incident.

In *State v. Carter*, 205 Neb. 407, 410-11, 288 N.W.2d 35, 37 (1980), we said:

> Neither an acquittal nor a conviction of a larceny committed in the course of a burglary bars a prosecution for the crime of burglary. The People v. Woolsey, 399 Ill. 6l7, 78 N.E.2d 237; Cambron v. State, 191 Ind. 431, 133 N.E. 498; Williams v. State, 205 Md. 470, 109 A.2d 89; State v. Wiley, 173 Md. 119, 194 A. 629; People v. Snyder, 241 N.Y. 81, 148 N.E. 796; People v. Mignogna, 54 N.Y. Supp. 2d 233; People v. Mangano, 269 App. Div. 954, 57 N.Y.

Supp. 2d 891, affirmed 296 N.Y. 1011, 73 N.E.2d 583; Cooper v. State, 154 Tex. Crim. 182, 226 S.W.2d 122; Alarcon v. The State, 92 Tex. Crim. 288, 242 S.W. 1056; State v. Beaman, 143 Wash. 281, 255 P. 91; State v. Louden, 21 N.J. Super. 497, 91 A.2d 428. The rule that a person cannot twice be put in jeopardy for the same offense has no application where two separate and distinct crimes are committed by one and the same act because the constitutional inhibition is directed to the identity of the offense and not to the act. State v. Goodloe, 197 Neb. 632, 250 N.W.2d 606.

The defendant's argument is similar to that made in State v. Eagle Deer, *supra*, where the defendant was charged with burglary and the stealing of an automobile. The factual situation was similar to that involved in this case. The jury found the defendant guilty of wrongful use of an automobile (a lesser-included offense of auto theft), as well as guilty of the burglary charge. It was argued that the verdicts on the two charges were inconsistent. We said: "The evidence was also legally sufficient for the jury to have found the defendant guilty of stealing the automobile, but the fact that he was found guilty of only the lesser-included offense of wrongful use of the automobile on count II does not make the guilty verdict on count I inconsistent or invalid." Neither double jeopardy nor collateral estoppel is applicable under the circumstances which the defendant asserts exist here.

With respect to consolidation of the cases for trial, Neb. Rev. Stat. § 29-2002(1) and (3) (Reissue 1979) provides:

(1) Two or more offenses may be charged in the same indictment, information, or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

. . . .

(3) The court may order two or more indictments, informations, or complaints, or any combination thereof,

to be tried together if the offense, and the defendants, if there are more than one, could have been joined in a single indictment, information or complaint. The procedure shall be the same as if the prosecution were under such single indictment, information, or complaint.

Offenses of the same or similar character may be joined in one information. *State v. Walker*, 200 Neb. 273, 263 N.W.2d 454 (1978); *State v. Nance*, 197 Neb. 95, 246 N.W.2d 868 (1976); *State v. Rodgers*, 186 Neb. 633, 185 N.W.2d 448 (1971).

The offenses involved in these cases were of the same or similar character and could have been joined in one information. Under those circumstances the trial court could order that they be tried together. The assignment of error is without merit.

We have examined the assignments of error in the defendant's pro se brief and they are without merit.

The judgment of the district court is affirmed.

AFFIRMED.