STATE OF NEBRASKA, APPELLEE, v. CHARLES EICKMEIER, APPELLANT.

191 N. W. 2d 815

Filed November 24, 1971. No. 38051.

Tye, Worlock, Tye, Jacobsen & Orr, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Defendant, Charles Eickmeier, was convicted of burning his trailer home to defraud an insurer. Defendant argues two assignments of error: The insufficiency of the evidence, and the lack of a proper foundation for the admission of an exhibit. We affirm.

The evidence against the defendant is in the main circumstantial. However, defendant's brother-in-law testified that the defendant had told him he was going to burn down his trailer house. When he told how he expected to do it, the brother-in-law jokingly suggested that he do it like a woman would, by leaving a frying pan on the stove. The fire in this instance appears to have been started by overheating cooking oil in a fry pan, as suggested by defendant's brother-in-law.

In State v. Williams, 183 Neb. 257, 159 N. W. 2d 549, we said: "To justify a conviction on circumstantial evidence it is necessary that the facts and circumstances

essential to the conclusion sought must be proved by competent evidence beyond a reasonable doubt, and when taken together must be of such a character as to be consistent with each other and with the hypothesis sought to be established thereby, and inconsistent with any reasonable hypothesis of innocence.

"After a jury has considered the evidence in the light of the foregoing rules and returned a verdict of guilty, the verdict on appeal may not, as a matter of law, be set aside for insufficiency of the evidence if the evidence sustains some rational theory of guilt."

Without reviewing the evidence in detail, we find it does sustain a rational theory of defendant's guilt and is sufficient to sustain his conviction.

Defendant argues no proper and sufficient foundation was laid for the admission of a screwdriver into evidence. The screwdriver was a common 10-inch screwdriver, found in a wastebasket in the trailer. There were some marks on the trailer door tending to indicate that someone had tried to enter the trailer home. The screwdriver exactly fit the marks on the door. It was defendant's position that the trailer had been broken into and the fire started by the intruder. The evidence, however, is conclusive that the door had not been sprung and entrance had not been gained to the trailer by forcing the door. While it could not be proved with certainty that the screwdriver in question actually made the marks, it is indisputable that they were made at least by an exact duplicate of the one in evidence. In any event, when a fact in issue may be explained by the production of an article or object to which testimony relates, it is proper to produce such object or article and exhibit it to the jury. Reizenstein v. State, 165 Neb. 865, 87 N. W. 2d 560.

The judgment is affirmed.

AFFIRMED.