STATE OF NEBRASKA, APPELLEE, v. JOHN DIGILIO, APPELLANT.

227 N. W. 2d 575

Filed March 20, 1975. Nos. 39749, 39750.

James E. McBride, for appellant.

Herbert M. Fitle, Gary P. Bucchino, and Richard J. Epstein, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

The defendant was charged in the municipal court of the city of Omaha on two separate charges of purposely or knowingly having gambled, offered to gamble, or provided facilities for gambling. Both offenses are alleged to have occurred at 1515 Dodge Street, the first on August 31, 1973, and the second on November 19, 1973. The cases were tried separately. Defendant was found guilty in the municipal court and sentenced. He appealed to the District Court, was again found guilty, and concurrent terms of 15 days and 30 days in the county jail were imposed. The two cases were argued together here.

The issue raised by the defendant on appeal to this court is the sufficiency of the evidence to sustain the conviction. We affirm.

The sole question argued by the defendant is whether certain physical evidence in No. 39749, which the record shows was delivered to undercover police officers by the defendant, and certain other physical evidence in No. 39750, seized in a raid upon the defendant's place of business, constitute "facilities for gambling" as defined by the ordinance under which the defendant was prosecuted. We need not decide that question because the evidence is sufficient to support a finding of an offer to gamble in No. 39749 and a finding of gambling in No. 39750.

In No. 39749 the evidence shows that an officer of the vice squad, who was apparently operating under cover,

had a conversation with one Joseph Digilio and, as a consequence of this conversation, placed a telephone call to the defendant's place of business at 1515 Dodge Street, identified himself by an alias, talked to a person who identified himself as John, and told this person that he had talked to Joe about getting some football sheets and some telephone numbers where he "could place some action on some football games." On the day following, apparently as a result of the previous call, the officer again called John at the same number and inquired whether he had talked to Joe. John at that time stated he had and that everything was all right, and that the caller could come down to pick up the sheets and the phone numbers at John's place of business. The officer, who believed himself known to John by sight, then had another undercover officer, who also appeared as a witness at trial, go to the defendant's place of business. The officer there picked up some material in an envelope from a man identified as the defendant who appeared to be the bartender at the time at the establishment in question. This material consisted of a schedule of football games on which "point spreads" had been marked and a separate piece of paper on which two telephone numbers were written. The first officer testified as an expert to the significance of "placing action" and the "point spread." No attempt was made to place any bets. The above evidence is sufficient to support a finding beyond a reasonable doubt that defendant at least aided and abetted an offer to gamble.

In No. 39750, the record shows that the defendant's place of business was raided on November 19, 1973, pursuant to a search warrant. Among the items seized were football schedules with point spreads marked thereon, bet slips, and a football parlay board. On the front of the parlay board are 100 squares arranged in rows of 10 to form a larger square. Along the left and top sides of the large square opposite the rows are numbers 1, 2, etc., through 9 and 0, all arranged in irregular or-

der. At the top above the numbers appears the word Nebraska. At the left side adjacent to the numbers is the word Oklahoma. Within each square are what appear to be signatures. Most of these appear only once, but some two or more times. Printed on the back side of the board is the following:

|   | Score | |
|---|---|---|
|   | N | O |
| 1 | | |
| 2 | | |
| 3 | | |
| F | | |

$2.00 PER SQUARE - $40.00
payoff on each 1st 3 Quarters
$80.00 payoff on final score

An officer experienced in the enforcement of gambling laws testified as to the significance of all the above items. Also seized at the time of the raid from the same box in which the bet slips were found was a quantity of currency. The defendant, who appeared to be in charge of the establishment at the time, was arrested. In his pocket was found one of the football schedules with the point spreads marked thereon. The above evidence is sufficient to support beyond a reasonable doubt a finding of guilty of the gambling charge.

AFFIRMED.