STATE OF NEBRASKA, APPELLEE, v. THEODORE V. OLSON, APPELLANT.

263 N. W. 2d 485

Filed March 15, 1978. No. 41614.

Veldon Magnuson of Magnuson, Magnuson & Peetz, for appellant.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

WHITE, C. THOMAS, J.

The defendant was convicted in the county court of Holt County, Nebraska, of operating a motor vehicle at a rate of speed of 69.4 miles per hour in a 55 mile an hour zone. He was assessed a fine of $15 and costs. He perfected his appeal to the District Court; on appeal, the sentence and conviction were affirmed. He prosecutes his appeal to this court. We affirm.

The defendant was apprehended by a member of the Nebraska State Patrol and the speed was determined by means of a vascar unit. The vascar unit is essentially a device that measures time and dis-

tance. One switch measures the time that the suspect vehicle takes to cover a specified distance. The other switch measures the distance traversed by the patrol unit in covering the same distance. The two are computed and a reading is given to the officer which states the speed of the suspect car. The defendant does not assign as error any foundation with respect to the vascar testimony. The unit appeared to have been appropriately checked over a measured distance and compared with a stop watch operated by the officer and found to be registering accurately. On the morning of the arrest, the unit was routinely checked in accord with requirements of the Nebraska State Patrol.

The evidence indicates that on September 12, 1976, at 5:50 p.m., the arresting officer was patrolling State Highway No. 11 north of Atkinson and was proceeding in a westerly direction. The defendant, Theodore V. Olson, entered State Highway No. 11 in front of the arresting officer's car on that portion of State Highway No. 11 which runs north and south after the western leg has been completed. Officer Uehling, the arresting officer, dropped in behind the defendant and both proceeded in a southerly direction down State Highway No. 11. Officer Uehling was approximately ¼ to ½ mile behind the defendant. The arresting officer testified that he activated the timer sequence of the vascar unit at a point when the shadow of the defendant's automobile passed the driveway to the Shane farm. At the point when the patrol vehicle passed the Shane farm driveway, he activated the timer switch on the distance-measuring device.

Shortly after the defendant's car was past the Shane driveway, it passed over a short rise in the highway and the arresting officer lost sight of the vehicle for 10 to 15 seconds. The officer testified there were no vehicles between him and the Olson vehicle. The vehicle he was following, at the time it

passed the Shane driveway, was the same vehicle he saw when he again gained a view of the automobile as he topped the rise. The arresting officer followed the defendant's vehicle for approximately 2¼ miles and observed a tar strip on State Highway No. 11. At this point, the officer was approximately ¼ mile behind the defendant's automobile. He then turned the timing device off on his vascar unit. As his patrol vehicle passed the same tar strip, he turned off the distance measuring device. The unit then computed the speed of defendant's automobile at 69.4 miles per hour. The defendant's automobile was stopped and the defendant was issued a citation for speeding.

The defendant makes numerous assignments of error, but the issue is whether the evidence is sufficient to sustain the verdict. He essentially bases his argument on an apparent inconsistency in the officer's statement. The defendant recites the officer testified that the beginning point of his measurement was the passing of a shadow by defendant's automobile over the Shane driveway. The Shane driveway is shown to be on the west side of the north-south road. It is common knowledge that at 5:50 p.m. a shadow would be cast from west to east and not east to west, pointing to an apparent inconsistency in the arresting officer's statement. The county court concluded that the arresting officer's identification of the Shane driveway was positive as the beginning measuring point and simply concluded that the arresting officer misspoke when he apparently suggested that the shadow of the vehicle passed over the driveway. The District Court agreed.

We cannot say that the District Court was incorrect. A court will not interfere on appeal with a conviction based upon evidence unless it is so lacking in probative force that the court can say as a matter of law that it is insufficient to support a verdict of guilt beyond a reasonable doubt. See, State v. Eynon, 197

Neb. 734, 250 N. W. 2d 658; State v. Digilio, 193 Neb. 348, 227 N. W. 2d 575. The judgment of a court on the facts will not be set aside on appeal if there is sufficient evidence taking the view most favorable to the state to support the judgment. The arresting officer, an experienced vascar officer, specifically identified the Shane driveway as a measuring point. Incidental reference or a misspeaking with reference to the direction of a shadow is not sufficient to overcome, as a matter of law, the sufficiency of the evidence to justify the conviction and sentence.

The judgment and sentence are affirmed.

AFFIRMED.