STATE OF NEBRASKA, APPELLEE, V. JAMES BRADY,
APPELLANT.

274 N. W. 2d 559

Filed January 24, 1979. No. 42162.

T. Clement Gaughan, Lancaster County Public Defender, and George R. Sornberger, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and BLUE, District Judge.

SPENCER, C. J., PRO TEM.
Defendant, James Brady, appeals his conviction

and sentence for the felony of petit larceny, second offense. The case was tried to the court after defendant waived a jury trial. Defendant raises two assignments of error: (1) The court erred in receiving evidence over objection which was procured pursuant to an illegal arrest; and (2) the evidence is insufficient to sustain the conviction. We affirm.

At approximately 5 p.m., on August 20, 1977, a Lincoln police officer, Thomas Wilson, was dispatched to the home of Lou Ann Loos to investigate a domestic disturbance between Mrs. Loos and her brother, the defendant. The defendant departed before the officer arrived. During the investigation Mrs. Loos told the officer the defendant had bragged to her a number of times that he had stolen several items. Two of the items mentioned were a porch swing and a beanbag chair. Mrs. Loos also told the officer where defendant was staying.

Subsequent to his conversation with Mrs. Loos, officer Wilson went to the address given to him by defendant's sister. He walked up to the front of the house and observed a porch swing and a beanbag chair lying on the floor of the screened-in front porch. He entered the porch and knocked on the front door. The door was opened by defendant and a Terry Milke. The officer told defendant he was there to investigate some larcenies, and asked him to step outside. The officer placed defendant under arrest for suspicion of larceny. He then seized the porch swing, the beanbag chair, a hammock, and several house plants.

At approximately 7 p.m., officer Wilson met with defendant alone in the interview room at police headquarters. He read the Miranda warnings to defendant, who stated he understood them. Defendant stated he would only answer those questions he wanted to answer. Officer Wilson then related to defendant what he had been told by Mrs. Loos. Defendant admitted he had stolen the items which had

been seized. The porch swing was subsequently identified by its rightful owner, who testified it had been stolen from her residence on July 14, 1977.

The basis for defendant's objection to the testimony of officer Wilson was that his confession was the result of an illegal arrest. Section 29-404.02, R. R. S. 1943, provides: "A peace officer may arrest a person without a warrant if the officer has reasonable cause to believe that such person has committed:

"(1) A felony; or

"(2) A misdemeanor, and the officer has reasonable cause to believe that such person either (a) will not be apprehended unless immediately arrested; (b) may cause injury to himself or others or damage to property unless immediately arrested; (c) may destroy or conceal evidence of the commission of such misdemeanor; or (d) has committed a misdemeanor in the presence of the officer."

In State v. Donald, 199 Neb. 70, 256 N. W. 2d 107 (1977), we held: "Under the Fourth Amendment to the Constitution of the United States the standard for determining probable cause for arrest and for search and seizure is the same. Probable cause exists in the Fourth Amendment sense where the facts and circumstances, within the officers' knowledge and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution to believe that an offense has been or is being committed."

Officer Wilson was acting upon the information given to him by the defendant's sister, when he went to her home to investigate the domestic disturbance complaint involving her brother. Her knowledge of possible crimes was based upon information supplied to her by her brother, the defendant. Two of the items she specifically mentioned to the officer were the porch swing and a beanbag chair. When the officer arrived at the address furnished him to

visit with defendant, he observed the beanbag chair and the porch swing on the porch. The porch swing had not been hung up but was lying on the floor. This observation would tend to confirm the information given to him that the defendant had stolen a porch swing and a beanbag chair.

At that time the officer would not have had reason to suspect that other than a misdemeanor had occurred. It was the fact of a previous conviction which raised the misdemeanor to a felony. However, the officer had talked to the defendant about possible larcenies. If officer Wilson had not arrested defendant, but had gone back to the station to procure a warrant, it would have been possible for the defendant to have concealed the evidence which was then in plain sight on the porch near where the officer was interviewing the defendant.

Section 29-822, R. R. S. 1943, provides that any person aggrieved by an unlawful search and seizure may move for return of the property so seized and to suppress its use as evidence. However, the motion must be filed at least 10 days before trial or at the time of arraignment, whichever is the later, unless otherwise permitted by the court for good cause shown. No pretrial motion was made by the defendant to suppress evidence. This constitutes a waiver of objection to the evidence on the ground that it was seized in an unreasonable search. See State v. Donald, *supra*, in which we held: "A waiver of objections to evidence on the ground that it was seized in an unreasonable search occurs when no objection is made at least 10 days before trial * * *."

Defendant did object to the introduction of the statements which he made admitting the theft of the property after he had been given the Miranda warnings. He is relying on Brown v. Illinois, 422 U. S. 590, 95 S. Ct. 2254, 45 L. Ed. 2d 416 (1975), which held that the Miranda warnings by themselves do not assure that statements given by an accused are of suf-

ficient free will as to purge the primary taint of an unlawful arrest. He contends the confession is involuntary because it was obtained by exploitation of an illegal arrest. In Brown, the United States Supreme Court stated: "The Miranda warnings are an important factor, to be sure, in determining whether the confession is obtained by exploitation of an illegal arrest. But they are not the only factor to be considered. The temporal proximity of the arrest and the confession, the presence of intervening circumstances * * * and, particularly, the purpose and flagrancy of the official misconduct are all relevant."

Brown v. Illinois, *supra*, is not applicable herein. There was no flagrant official misconduct. The trial court could have found the arrest was not per se an illegal arrest. It was within the ambit of section 29-404.02, R. R. S. 1943, permitting a police officer to make an arrest without a warrant. The information received by the officer from a close relative of the defendant, when corroborated by the presence of the articles in plain sight on the porch of the home where defendant was staying, in such condition as to indicate that they had recently been placed there, would be sufficient to warrant a man of reasonable caution to believe that probable cause existed. Considering the fact the officer had explained the reason for his presence to the defendant, exigent circumstances existed to make the arrest without the necessity to leave the scene to secure an arrest warrant.

While the officer's testimony concerning statements made by defendant's sister are hearsay as to the defendant, they are admissible on the issue of probable cause. The articles found in defendant's possession were sufficiently identified as having been stolen. The defendant admitted, after having been fully apprised of his rights, that he alone had stolen the articles.

The verdict is sustained by sufficient evidence. This court will not interfere on appeal with a conviction based upon evidence unless it is so lacking in probative force that the court can say as a matter of law that it is insufficient to support a verdict of guilt beyond a reasonable doubt. State v. Olson, 200 Neb. 341, 263 N. W. 2d 485 (1978).

The judgment is affirmed.

AFFIRMED.

WHITE, J., concurring in result.

I concur in the result only. Defendant has waived any right to object to an alleged unlawful search and seizure by failing to file a motion to suppress at least 10 days before trial or at the time of the arraignment. Any statements by the majority relating to the admissibility of the seized evidence are unnecessary to a determination of this case.

McCOWN and CLINTON, JJ., join in this concurrence.