STATE OF NEBRASKA, APPELLEE, v. MONTE R. MEADOWS, APPELLANT.

277 N. W. 2d 707

Filed April 24, 1979.  No. 42252.

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C. J.

This is an appeal from a jury's verdict finding de-

fendant guilty of the crime of burglary. Defendant assigns as error the trial court's refusal to direct a verdict in favor of defendant maintaining that the evidence was insufficient as a matter of law to prove the essential elements of the crime of burglary. We have reviewed the record and are of the opinion that the evidence was sufficient to permit the jury to render a verdict of guilt. The trial court was correct in denying the motion for a directed verdict. We therefore affirm.

Defendant was charged with having participated in the burglary of a Texaco service station late in the evening of May 28, 1975. Just before 1 a.m., on May 29, 1975, Deputy Sheriff Richard Lubash, a member of the Douglas County sheriff's department, observed a 1970 green Dodge Charger traveling westward on Maple Street near its intersection with 108th Street. Deputy Lubash recalled having seen the car earlier in the evening when it had been stopped by Deputy Sheriff Robert J. Tramp. Deputy Lubash then saw the car turn around at the intersection of 112th Street and Maple and proceed east on Maple. Deputy Lubash positioned his car in a parking area near the Texaco station and watched the defendant's car turn north on 108th Street. Visual contact with the car was lost for a few minutes. The car was then spotted by Deputy Lubash backed up to a secluded section on the north side of the gas station. Lubash approached the car, asked defendant and his companion to step out, and then saw what appeared to be a battery charger and other items stacked alongside the building. It was then determined that a bay door window on the south side of the station had been broken, and that a number ôf items belonging to the station had been stacked outside the station in the area of the broken window. In addition, certain items from the station were found on the north side of the building next to defendant's car. Three Texaco road atlases of the type sold by

the station were found near the car. In addition, three Zippo tape measures of the type sold by the station were found in the possession of defendant and his companion. Further, paper towels were found in the service station that matched paper towels found in the defendant's car.

Defendant denied having anything to do with the burglary. In May of 1975 defendant was working for a Mr. Kenny Trout, doing basement waterproofing. Defendant maintained that he was in the area of the service station because he was trying to reach Mr. Trout, who resided in the adjacent apartment complex, to find out about leaving early for a job at Norfolk, Nebraska, the next day. Defendant further maintained he did not go home when he could not find Mr. Trout, because he was having family problems, and he just parked the car at the gas station to sleep. Defendant was arrested by Deputy Lubash, taken into custody, and ultimately charged with the burglary.

The evidence in this case was largely circumstantial. That does not, however, prevent a jury from finding a defendant guilty. A person charged with a crime may be convicted on circumstantial evidence only. State v. Ohler, 178 Neb. 596, 134 N. W. 2d 265. It is the province of the jury to determine the circumstances surrounding, and which shed light upon, the alleged crime; and if, assuming as proved the facts which the evidence tends to establish, they can be accounted for upon no rational theory which does not include the guilt of the accused, the proof cannot, as a matter of law, be said to have failed. State v. Williams, 183 Neb. 257, 159 N. W. 2d 549. In jury cases the jurors are the judges of the credibility of the witnesses and of the weight to be given their testimony and, within their province, they have the right to credit or reject the whole or any part of the testimony of a witness in the exercise of their judgment. State v. French, 195 Neb. 88, 236 N. W. 2d 832.

After a jury has considered the evidence in the light of the foregoing rules and returned a verdict of guilt, the verdict on appeal may not, as a matter of law, be set aside for insufficiency of the evidence if the evidence sustains some rational theory of guilt. State v. Eickmeier, 187 Neb. 491, 191 N. W. 2d 815. It is not the province of this court to resolve conflicts in the evidence, to determine plausibility or reasonableness of explanations, or to weigh the evidence. When there is substantial evidence sustaining the jury's finding it will not be set aside. State v. Kelly, 193 Neb. 494, 227 N. W. 2d 848. A court will not interfere on appeal with the conviction based upon evidence unless it is so lacking in probative force that the court can say as a matter of law that it is insufficient to support a verdict of guilt beyond a reasonable doubt. State v. Olson, 200 Neb. 341, 263 N. W. 2d 485.

A review of the evidence viewed most favorable to the State discloses that there was sufficient evidence to submit the case to the jury and sufficient evidence upon which they could return a verdict of guilt. There is no question but that a burglary occurred at the Texaco station. After the deputy arrested the defendant, the deputy seized three Zippo tape measures from the pants pocket of defendant's companion. The owner of the Texaco station testified that his station sold Zippo tapes of an identical type both in size and shape as those which were taken from the defendant's companion. The owner further testified that there was no difference whatsoever between the tapes in the possession of the defendant's companion and those which he sold. The owner of the station further testified that two or three of his tapes were missing from his display at the station. These particular tapes were ordered from a catalog and the owner knew of no other station in the area which sold them.

Deputy Lubash also found four Texaco road atlases

alongside the defendant's car. The owner of the station testified as to where they were found and that they were of the type sold by his station. Upon further investigation the sheriff's office found a number of paper towels scattered throughout the bay area of the station. The owner of the station testified that these towels were not of the type he used in his station and that they were not in the station when he closed earlier in the evening. However, a roll of paper towels of the same type as those found scattered in the station were also found in defendant's car. The investigation further showed that there was wet mud inside of the station after the burglary. The defendant's companion was found to have muddy boots at the time of his arrest.

In light of all of this evidence we cannot say that as a matter of law there was a total want of proof to support a material allegation of the information or that the testimony was of so weak or doubtful a character that a conviction based thereon could not be sustained. In the absence of our being able to make such a statement a directed verdict of not guilty would not have been justified. See State v. Edmonds, 182 Neb. 140, 153 N. W. 2d 364. The jury, being the trier of the facts, found the defendant guilty. We cannot say they were in error. The judgment is affirmed.

AFFIRMED.