STATE OF NEBRASKA, APPELLEE, V. DENNIS L. COBURN,
APPELLANT.

352 N.W.2d 605

Filed July 27, 1984.   No. 83-878.

Thomas M. Kenney, Douglas County Public Defender, and Victor Gutman, for appellant.

Paul L. Douglas, Attorney General, and Mark D. Starr, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ., and BRODKEY, J., Retired.

GRANT, J.

The defendant appeals his conviction of burglary in the Douglas County District Court. The defendant was charged in two dockets with three separate burglaries. The burglaries all involved churches located within 2 miles of one another in the South Omaha area of Omaha, Nebraska. Two burglaries in the one docket happened on or about March 25, 1983, and the other occurred on or about April 5, 1983. On the State's motion the three charges were consolidated for jury trial. The defendant was also charged as being a habitual criminal as described in Neb. Rev. Stat. § 29-2221 (Reissue 1979). Following his trial, defendant was acquitted on one charge and a mistrial was declared on a second charge, the jury stating they were deadlocked on an 11-to-1 vote. These two charges involved the March 25 burglaries. The defendant was convicted on the third burglary of April 5, 1983, and after later determination that he was a habitual criminal, sentenced to 10 years in the penitentiary.

Defendant assigns two errors: (1) That the trial court erred in overruling defendant's motion to dismiss or for a directed verdict of not guilty; and (2) That the trial court erred in refusing defendant's request for a jury instruction on trespass as a lesser-included offense of burglary.

With regard to the first alleged error, we recognize the proposition advanced by the State, that by adducing evidence after his motion to dismiss was overruled, defendant has waived any error in the trial court's overruling of that motion. As set out in *State v. Hilpert*, 213 Neb. 564, 569, 330 N.W.2d 729, 733 (1983),

> following a motion for a directed verdict at the close of the evidence of the State, the introduction of evidence thereafter by the defendant waives any error in the ruling or failure of ruling on the motion, although the defendant is not prevented from questioning the sufficiency of the evidence in the entire record to sustain a conviction.

Nonetheless, we will consider the assignment of error as one attacking the sufficiency of the evidence to sustain defendant's conviction. Upon consideration of the errors alleged, for the reasons hereinafter stated we affirm.

The evidence adduced at trial on behalf of the State clearly established that the defendant entered the Assumption Ukrainian Catholic Church of Byzantine Rite, 2301 South 16th Street, Omaha, Nebraska, at approximately 5:20 a.m. on April 5, 1983. Michael and Stephanie Worobec testified that they live across the street from the church. They generally rise for work about 4 a.m. and leave for work about 5:15 a.m. On April 5, 1983, they were leaving their house when they saw a person in dark clothes "gesture" around the ground floor church window, open it, and climb into the church. The police were called and arrived within minutes. The first officer on the scene testified he was only two blocks away when notified of a possible break-in, and arrived at the church in 30 seconds.

After securing all possible exits the police entered the church, and the defendant was found slouched in a chair in the basement, which is used as a cafeteria. A sack was in defendant's possession containing a pair of pliers, a small knife, a candle, and some toy dishes. Nothing in the church was missing or dis-

turbed except the window that had been broken for entry.

At the trial defendant testified that he had entered the church through the window, but he denied any intent to steal anything, and stated he entered the structure to get warm and to sleep. The defendant also testified that he had purchased the pliers, knife, and dishes for relatives earlier in the evening. He denied any knowledge of a candle.

The elements necessary to prove beyond a reasonable doubt that the defendant was guilty of the crime of burglary were properly submitted to the jury in appropriate instructions. Most of those elements were, in effect, admitted by defendant in his testimony at the trial: the willful, malicious, and forcible breaking into the building without the consent of the owner. The only dispute in the evidence is as to defendant's intent in so breaking into the building—defendant testifying that he did not intend to steal anything within the building, and the State alleging that defendant intended to steal property of value within the structure.

In opposition to defendant's self-serving testimony, the prosecution offered circumstantial evidence regarding intent. The defendant had made an illegal entry into the church about 5:20 a.m. The defendant was wearing dark pants, a dark, thigh-length coat, and stocking cap. He did not appear intoxicated. He was carrying a paper bag that contained a candle, a pair of pliers, and a small knife—all suggesting preparation for a burglary.

The appellant's explanation of his presence, that he had broken in to find a place to sleep out of the cold, was challenged on several points. He had numerous relatives in Omaha, some of whom were not too distant from the church. Friends also lived nearby. An officer testified that the defendant was wide awake when found. The defendant, on the other hand, said he had been sleeping. After his entry, on his way to the basement, defendant passed some pews where he could have slept. Defendant testified he had been in the church about one-half hour, but the testimony by the other witnesses showed defendant had been in the church only a few minutes. His credibility was further brought into question by his claim prior to trial that he had come in through the door instead of breaking in the window.

The defendant initially told the police that he had entered the church through the front door, which he said was unlocked. The pastor of the church testified all doors and windows were secured the night before. The defendant stood by his version of entry until he testified at trial after the Worobecs' testimony that they saw a man enter the window.

In determining the sufficiency of evidence to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the jury. The verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Jones,* 217 Neb. 435, 350 N.W.2d 11 (1984).

Viewing the evidence in that fashion, it is clear that following the court's instruction as to intent—i.e., in part, "Intent is a mental process, and it therefore generally remains hidden within the mind where it is conceived. . . . It may, however, be inferred from the words and acts of the defendant and from the facts and circumstances surrounding his conduct"—the jury could determine that defendant had the required intent. The jury could have properly inferred that intent from the facts set out above. Defendant's evidence to the contrary on his intent might also have been believed by the jury, but that issue has been determined adversely to the defendant pursuant to appropriate instructions.

In so holding we are not deciding that burglarious intent can be reasonably and justifiably inferred from the unlawful and forcible entry alone—a proposition put forward in *State v. Cannon*, 185 Neb. 149, 174 N.W.2d 181 (1970). In this case, as set out above, there are facts and circumstances present beyond the mere fact of the illegal entry sufficient to justify the jury's determination of guilt.

The record contains sufficient evidence from which the jury could conclude that defendant did indeed intend to steal property when he broke into the church and was prevented from doing so only by the fortuitous, instant response to the scene by the police.

With regard to defendant's assigned error that the trial court

erred in refusing to instruct the jury on criminal trespass as a lesser-included offense of burglary, we have recently specifically held that criminal trespass is not a lesser-included offense of burglary. *State v. Miller,* 215 Neb. 145, 337 N.W.2d 424 (1983). Defendant recognizes this and asks us to change our holding in *Miller.* We decline to do so. As set out in *State v. Lovelace,* 212 Neb. 356, 360, 322 N.W.2d 673, 675 (1982), "To determine whether one statutory offense is a lesser-included offense of the greater, we look to the elements of the crime and not to the facts of the case."

That proposition is now the settled law of this state. There are obviously other ways of considering the difficult question of lesser-included offenses, but Nebraska has adopted the statutory elements test. As in *Miller, supra,* the *facts* of this present case might well qualify as a lesser-included trespass within burglary, but the test as to all the statutory elements of both crimes leads to the conclusion reached in *Miller.*

There being no error in the trial of this case, the judgment and sentence are affirmed.

AFFIRMED.