STATE OF NEBRASKA, APPELLEE, V. WILLIAM L. VAUGHN, APPELLANT.
402 N.W.2d 300

Filed March 20, 1987.    No. 86-440.

James S. Jansen, for appellant.

Robert M. Spire, Attorney General, and Linda L. Willard, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

Defendant, William L. Vaughn, was charged in the district court for Douglas County with burglary, a Class III felony, as defined in Neb. Rev. Stat. § 28-507(1) (Reissue 1985). Vaughn appeals from the order of the district court which found him "not responsible by reason of insanity at the time of the offense charged." The court then stated in its order, "This verdict of acquittal is entered on the grounds of insanity alone." Defendant timely appealed, alleging, "The District Court erred in finding that the State established beyond a reasonable doubt, that the Defendant entered the building in question with the requisite intent to commit a felony, or to steal property of value." We affirm.

On July 2, 1985, the State filed an information charging the

defendant with burglary, allegedly committed on June 19, 1985. On July 11 the court ordered a psychiatric examination to determine if the defendant was competent to stand trial. At a hearing on November 19, 1985, the court received a psychiatric report from the Lincoln Regional Center with the opinion that defendant was not competent to stand trial. At defendant's request to have a further independent psychiatric evaluation, the court ordered a second examination, which was conducted on December 13, 1985.

At another hearing held on February 14, 1986, the report of the second examination was received. This report set out the psychiatrist's opinion that so long as defendant took an appropriate antipsychotic medication he was competent to stand trial. The court found defendant competent to stand trial.

On February 26, 1986, the defendant filed a "Notice of Defendant's Intention to Rely Upon Insanity Defense." On March 13, 1986, defendant appeared in court with his attorney. The county attorney was present, as was defendant's mother. Defendant waived a jury trial, and after carefully examining defendant, the court accepted the waiver. Defendant, through his attorney, orally pled "[n]ot guilty and not responsible by reason of insanity." The parties, through their counsel, stipulated to the evidence to be considered by the court. The State offered the police reports in the matter, "with the understanding that if the witnesses named . . . in these reports, were called to testify, they would testify in conformity with the statements and interviews, and so forth, attributed to them in these reports." On behalf of defendant, the report of defendant's psychiatrist, dated January 21, 1986, was offered and received in evidence.

The evidence before the court showed that on June 19, 1985, witnesses observed defendant entering a residence by the removal of a combination window screen and the raising of a kitchen window in the rear of the house. These witnesses stopped a police cruiser driving by and informed the officer of the defendant's entry into the house. Defendant was apprehended inside the house by this officer.

The daughter of the owner of the residence stated that nothing was missing from the house. This witness stated that

the only things changed after defendant's entry into the residence were that a telephone that had been on the bed had been moved to the bedroom floor, and a key which had been on the desk in her bedroom was found on the front porch, along with clothing in two bags which was the property of defendant.

Based on this evidence, the court found the defendant was not responsible by reason of insanity, entered an order of acquittal, and ordered a hearing pursuant to Neb. Rev. Stat. § 29-3701 (Reissue 1985). Defendant does not challenge those proceedings.

We first note that the court did not make the finding, attacked as error in defendant's assignment of error, "that the State established beyond a reasonable doubt, that the Defendant entered the building in question with the requisite intent . . . to steal property of value." Defendant's position apparently is that there was no evidence of any taking of property and that the trial court should never have reached the point of determining defendant was not responsible by reason of insanity because the facts before the court did not show that defendant had the intent "to commit any felony or with intent to steal property of any value," and, therefore, the court should merely have found defendant not guilty.

We need not consider the issue raised by defendant, because our examination of the record shows there was before the court sufficient evidence to convict the defendant of burglary, if believed by the court, and a verdict of acquittal because of defendant's insanity was appropriate if the court determined that defendant was not responsible for his acts at the time of the alleged crime because of defendant's mental condition.

Section 28-507(1) states: "A person commits burglary if such person willfully, maliciously, and forcibly breaks and enters any real estate or any improvements erected thereon with intent to commit any felony or with intent to steal property of any value." In this case the elements of a willful, malicious, and forcible entry of an improvement on real estate have been established beyond any doubt. The only remaining question is whether the facts could be considered to establish that defendant (absent his later-determined insanity) entered the residence with intent to steal "property of any value."

We have held that in proving the crime of burglary, "No actual theft or asportation of property is required." *State v. Carter*, 205 Neb. 407, 409, 288 N.W.2d 35, 36 (1980). Intent sufficient to support a conviction for burglary may be inferred from the facts and circumstances surrounding an illegal entry into improvements on real estate. *State v. Coburn*, 218 Neb. 144, 352 N.W.2d 605 (1984).

In the case at bar, the evidence showed that defendant had taken a key from a bedroom to the front porch. With nothing further, the court could have regarded such evidence as sufficient to find criminal intent to steal property of value.

If the court so viewed the evidence, and then considered psychiatric evidence offered by defendant that on the day of the crime defendant "was not responsible for his acts . . . because of his mental illness," there was ample evidence to support the court's finding of acquittal.

In so holding, we do not consider the effect of a defendant's appealing from an order which he asked for as a part of his requested disposition of the case against him. In civil cases, that consideration has been addressed in *Morris v. Morris*, 201 Neb. 479, 268 N.W.2d 431 (1978), and *Saum v. L. R. Foy Constr. Co., Inc.*, 190 Neb. 783, 212 N.W.2d 648 (1973).

There was no error in the judgment of the trial court, and it is affirmed.

AFFIRMED.