STATE OF NEBRASKA, APPELLEE, V. JAMES A. MATZ, APPELLANT.
412 N.W.2d 852

Filed September 25, 1987.   No. 87-046.

Avis R. Andrews, for appellant.

Robert M. Spire, Attorney General, and Laura L. Freppel, for appellee.

BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

BOSLAUGH, J.

The defendant, James A. Matz, was convicted of two counts of attempted burglary and was sentenced to imprisonment for 20 months to 5 years on each count, the sentences to run concurrently. He has appealed and contends the evidence was insufficient to support the finding of guilty on each count.

The charges grew out of break-ins at Tidy Car and Victory Lake Marine, two businesses in Fremont, Nebraska, which share a common building. The record shows that when Vern Sukstorf, who operates Tidy Car, reported for work on the morning of July 29, 1986, he found splatters of blood on the inside floor, as well as two broken windows on the rear of the

building. Additionally, he noticed a trail of blood from both broken windows, leading to his front office. The trail of blood approached his desk but stopped 4 to 5 feet in front of the desk. Sukstorf found no contents missing from his store.

Ron Vlach, who operates Victory Lake Marine, found a broken window at the rear of his business. The window was part of a garage door and was located just above the lock assembly of the door. Vlach noticed a large amount of blood both on the outside of and the inside of the garage door, as well as on the locking mechanism. Vlach followed a trail of blood from the broken garage window about 100 feet to where another window was broken. Vlach found no contents missing from his building.

The trail of blood led through a parking lot to apartment No. 11 in an apartment complex. Tammy Patten, who lives in apartment No. 11, testified that sometime after midnight on July 29, 1986, the defendant came to her door, holding his hand and wearing a bloodstained shirt. The defendant was looking for "Jim," who lived in apartment No. 12. Matz left without incident.

Within a week of the incident, Patten identified the defendant in a photo lineup as the man looking for "Jim."

When the defendant was observed on August 6, 1986, following his arrest, he had a large laceration in the web of his left hand, between his thumb and the forefinger.

Steven Tellatin, a Fremont detective sergeant who assisted with the investigation of the break-ins, found a tire iron, screwdriver, potato chip sack, and glass fragments near the building, all stained with blood.

An expert witness testified that a comparison of blood samples found at the scene of the crime with samples obtained from the defendant disclosed that only .04 percent of the population had blood of the same type and with the same "genetic markers." This analysis excluded 99.96 percent of the population as suspects.

The defendant contends the evidence was not sufficient to establish that he intended to commit any felony or steal any property of value, as required by Neb. Rev. Stat. § 28-507 (Reissue 1985).

[I]n determining whether evidence is sufficient to sustain a conviction in a jury trial, this court does not resolve conflicts of evidence, pass on the credibility of witnesses, evaluate explanations, or reweigh evidence presented to the jury. A verdict in a criminal case must be sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support the verdict.

*State v. Jacobs, ante* p. 184, 194, 410 N.W.2d 468, 475 (1987); *State v. Nesbitt, ante* p. 32, 409 N.W.2d 314 (1987); *State v. Schreck, ante* p. 172, 409 N.W.2d 624 (1987).

Although much of the evidence was circumstantial, a person charged with a crime may be convicted on circumstantial evidence only. *State v. Meadows*, 203 Neb. 197, 277 N.W.2d 707 (1979), citing *State v. Ohler*, 178 Neb. 596, 134 N.W.2d 265 (1965).

It is the province of the jury to determine the circumstances surrounding, and which shed light upon, the alleged crime; and if, assuming as proved the facts which the evidence tends to establish, they can be accounted for upon no rational theory which does not include the guilt of the accused, the proof cannot, as a matter of law, be said to have failed.

*State v. Meadows, supra* at 199, 277 N.W.2d at 708.

An intent sufficient to support a conviction of burglary may be inferred from the facts and circumstances surrounding an illegal entry into improvements on real estate. *State v. Vaughn*, 225 Neb. 38, 402 N.W.2d 300 (1987); *State v. Coburn*, 218 Neb. 144, 352 N.W.2d 605 (1984). Nocturnal entry into a building known to contain property is a circumstance from which a jury may infer an intent to steal. *State v. Tomrdle*, 214 Neb. 580, 335 N.W.2d 279 (1983). In the *Tomrdle* case at 583, 335 N.W.2d at 282, we cited *Hebb v. State*, 10 Md. App. 145, 268 A.2d 578 (1970): " 'The attempt by the appellants to enter a storehouse (which they knew carried a substantial inventory) in the nighttime . . . was sufficient to support a rational inference that they intended to steal everything of value that they could find and carry away.' "

In *Mirich v. State*, 593 P.2d 590, 593 (Wyo. 1979), the court said:

The law is well settled and widespread that where one breaks into the property of another in the nighttime, an inference may be drawn that he did so with the intent to commit larceny. A reasonable mind recognizes that people do not usually break into and enter the building of another under the shroud of darkness with innocent intent and that the most usual intent is to steal. . . .

. . . Defendant had been in the building and knew its contents. Knowledge of what a structure contains, coupled with an attempt to enter it, supports a rational inference of intent to steal whatever is of value within the building.

Burglary does not require an actual theft or asportation of property. *State v. Vaughn, supra; State v. Carter*, 205 Neb. 407, 288 N.W.2d 35 (1980).

In *State v. McNair*, 719 S.W.2d 113, 114 (Mo. App. 1986), the court held that "evidence that a person broke into a building which contains merchandise is sufficient for the trier of fact to find that the breaking was done with intent to steal."

In *People v. Sehr*, 150 Ill. App. 3d 118, 122, 501 N.E.2d 848, 851 (1986), the court cited *The People v. Johnson*, 28 Ill. 2d 441, 192 N.E.2d 864 (1963), for the proposition:

"Intent must ordinarily be proved circumstantially, by inferences drawn from conduct appraised in its factual environment. We are of the opinion that in the absence of inconsistent circumstances, proof of unlawful breaking and entry into a building which contains personal property that could be the subject of larceny gives rise to an inference that will sustain a conviction of burglary. Like other inferences, this one is grounded in human experience, which justifies the assumption that the unlawful entry was not purposeless, and, in the absence of other proof, indicates theft as the most likely purpose."

The *Sehr* court also held, on its own facts:

We find the fact that nothing was taken or even disturbed in the Jagiello residence has little redemptive value. The defendant was apparently only in the house for a short time before he was discovered. The basement contained rather large items such as sleeping bags, lawn furniture

and so forth, and the first bedroom the defendant entered was a combination junkroom/weight-training room. It would appear that neither room contained the type of small valuable items which could be most easily carried away by a person afoot.

150 Ill. App. 3d at 123-24, 501 N.E.2d at 852.

The jury could find from the evidence of the State in this case that the defendant made forcible and unauthorized entries into the building during the nighttime hours of July 28 or early morning hours of July 29, 1986; the building contained items of value; the screwdriver and tire iron found near the premises were covered with his blood; and there was no evidence to explain his unauthorized presence on the premises. This evidence was sufficient to support a finding of guilty beyond a reasonable doubt on each count.

The judgment is affirmed.

AFFIRMED.